SEPTEMBER TERM, 1890.

PLEYTE v. PLEYTE.

15   125
31   334
31   335
15   125
19a   54

ALIMONY AND SUIT MONEY IN SUPREME COURT.— When the wife is involved in a suit against her husband for divorce, either as plaintiff or defendant, she should be allowed alimony and suit money out of the husband's estate or earnings, so as to place her upon an equality with him in the litigation until the same is finally determined; and these allowances may be extended to the pendency of the cause on appeal or error, whenever it is made to appear to the appellate court that the review is prosecuted in good faith, and that error has probably been committed to her prejudice. Such relief, however, will not be granted, except upon a showing that the wife is destitute, in whole or in part, of the means necessary to maintain herself and carry on the litigation, and that the husband is able to supply the same.

*Error to District Court of Arapahoe County.*

ON motion to dismiss petition for alimony and suit money.

Messrs. SULLIVAN & MAY and COE & FREEMAN, for plaintiff in error.

Messrs. PATTERSON & THOMAS, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The plaintiff in error commenced her action for alimony and separate maintenance in the court below. Her husband answered and also filed a cross-complaint for divorce, in which he was successful. She now brings the record to this court by writ of error, and asks, upon petition and affidavits, that defendant in error be required to provide her with means to prosecute her suit, and for alimony while the same is pending in this court. Defendant's counsel deny the jurisdiction of this court to grant such relief. The

practice in appellate courts in respect to applications of this kind is by no means uniform. By section 1098, General Statutes, the jurisdiction to grant alimony *pendente lite* is expressly conferred upon district courts, but counsel fees and suit money are not specified; nevertheless such allowances have also been sustained by this court. Hence, the jurisdiction does not depend upon statute. *Daniels v. Daniels*, 9 Colo. 133.

In support of its appellate jurisdiction, and for the purpose of making such jurisdiction effective, this court has expressed liberal views. In *Wheeler v. Irrigation Co.* 9 Colo. 250, it is said: " One of the inherent powers of an appellate court is the right to make use of all writs known to the common law, and, if necessary, to invent new writs or *proceedings*, in order to suitably exercise the jurisdiction conferred."

In *Friend v. Friend*, 65 Wis. 413, the language of Chief Justice DIXON is approved as follows: " The granting of temporary alimony and suit money, to enable a wife to prosecute her appeal, is not a matter of course in this court, and, when application is made, we think we must look into the record so far as to determine whether the appeal is obviously without merits, and, if it is, then the motion will be denied. Injury and a meritorious cause of action must appear."

The reasonable rule would seem to be that when the wife is involved in a suit against her husband for divorce, either as plaintiff or defendant, she should be allowed alimony and suit money out of the husband's estate or earnings, so as to place her upon an equality with him in the litigation until the same is finally determined; and these allowances may be extended to the pendency of the cause on appeal or error, whenever it is made to appear to the appellate court that the review is prosecuted in good faith, and that error has probably been committed to her prejudice. Such relief, however, will not be granted, except upon a showing that the wife is destitute, in whole or in part, of the means nec-

essary to maintain herself and carry on the litigation, and that the husband is able to supply the same. This doctrine is familiar, and it is unnecessary to enter into a consideration of the reasons upon which it is founded. 2 Bish. Mar. & Div. (6th ed.) 393; *Daniels v. Daniels, supra; Goldsmith v. Goldsmith,* 6 Mich. 285; *Lake v. Lake,* 16 Nev. 364, affirmed, 17 Nev. 230.

For the purposes of the relief sought by the petition before us, there is no substantial distinction between a case brought here on appeal and one brought by writ of error under such circumstances as would justify a *supersedeas.* We are not disposed to encourage applications of this kind. The application must show merits and probable legal injury, or it will be denied.

The motion to dismiss petition for alimony, etc., is denied. But defendant in error will be allowed to answer and file counter-affidavits before the merits of the application are considered.

*Motion denied.*

NOTE.— The petition referred to in the foregoing opinion was denied, when considered in connection with the answer thereto and replication, and affidavits presented by both parties respectively.