[No. 4464.]

## HART v. HART.

1. **Divorce and Alimony—Suit Money—Statutory Construction.**

    Notwithstanding the divorce statute only provides for the allowance of alimony and counsel fees pendente lite, the court independently of the statute has authority to allow to a wife, in an action for divorce, suit money out of her husband's estate.

2. **Same—Discretion of Court—Appellate Practice.**

    The amounts of counsel fees and suit money to be allowed a wife in an action for divorce and the time within which the same are to be paid are matters to be determined by the trial court from the testimony considered at the time motion is made for such allowances as to the necessities of the case and financial condition of the parties, and in the absence of the evidence upon which the court acted the appellate court will not interfere with such allowance on the ground that it is excessive.

*Appeal from the District Court of Arapahoe County.*

Mr. S. S. ABBOTT, for appellant.

Messrs. Whitford, Whitford & May, for appellee.

Mr. Justice Gabbert delivered the opinion of the court.

This is an appeal from an order against appellant in favor of appellee, allowing her suit money and attorneys' fees, in an action for divorce brought by her against him. The first point made is, that the court had no authority to make an order for suit money. This contention is based upon the general proposition that the present divorce act—Laws 1893, p. 236—has provided a procedure to be followed in divorce proceedings, and inasmuch as section 9 of the act only provides that alimony and counsel fees *pendente lite* may be ordered, it is contended that no authority exists for an order allowing what is designated "suit money," or money for the purpose of enabling the wife who has commenced proceedings in divorce to meet the expenses incident to the prosecution of the action independent of attorneys' fees. The former divorce act, sec. 1567, 1 Mills' Ann. Stats., conferred jurisdiction upon district courts to grant alimony *pendente lite,* but it was silent on the subject of counsel fees and suit money. In discussing the power of the district court to make allowance 'for these items, this court held that notwithstanding the silence of the statute with respect to these matters, it had the authority to order such allowances because its jurisdiction as to such items did not depend upon the statute. This conclusion was reached upon the ground that when the wife is involved in a suit against her husband for divorce, she should be allowed counsel fees and suit money out of her husband's estate so as to place her upon an equality with him in carrying on the litigation until finally determined.—*Pleyte v. Pleyte,* 15 Colo. 125. This decision was rendered prior to the enactment of

our present divorce act, and while it is true that this act makes no mention of suit money, we must presume that the legislature was advised of the ruling of this court in the Pleyte case and the construction placed upon section 1567, *supra*. We must assume, therefore, in the absence of language to the contrary in the present divorce act, that it was not the intention of the legislature to deprive courts vested with jurisdiction to hear and determine divorce proceedings of authority to make orders relative to suit money as theretofore exercised.

The next point made is, that the allowance for council fees and suit money is excessive, and that the time within which the same was to be paid was unreasonably short. These were all matters which it was the province of the trial court to determine from the testimony considered at the time when the motion for these orders was heard. The financial condition of the parties, their income, and the necessities of the case must control the discretion of the court in making allowances of this character as well as in fixing the time when they shall be paid. It appears there has been a trial on the merits of the divorce proceedings proper; that a new trial was granted appellee; that other orders allowing alimony, counsel fees, and suit money have been made, and that in directing the orders now under consideration, the court considered the testimony which had been adduced at the proceedings above referred to. This testimony is not before us, hence we cannot say that the orders of which appellant complains are either unreasonable or unjust.

The judgment appealed from is affirmed.

*Affirmed.*