[No. 2293.]

## MERCER v. MERCER.

1. **Divorce—Alimony Pendente Lite—Appellate Practice—Jurisdiction.**

On appeal from a decree of divorce the appellate court had jurisdiction to make an order requiring the husband to pay into the court at stated periods, pending the appeal, a certain sum for the use of the wife as alimony and suit money, and the fact that the court afterwards determined that it had not jurisdiction to review the decree of divorce did not affect its jurisdiction to make the order for temporary alimony nor render such order void.

2. **Same.**

On appeal from a decree of divorce the appellate court made an order·requiring the husband to pay into court temporary alimony for the use of the wife pending the appeal, and afterwards the appeal was dismissed for want of jurisdiction to review the decree, and the order directing the payment of temporary alimony was ordered to be vacated, but a motion to direct the lower court to credit the amount paid under such order on the judgment for permanent alimony was denied. Held, that the dismissal of the appeal and vacation of the order for temporary alimony was not a reversal of such order, and that the husband could not recover back the amount paid under such order nor require it to be applied on the judgment for permanent alimony.

*Error to the District Court of Arapahoe County.*

Mr. D. V. BURNS, for plaintiff in error.

Messrs. STUART & MURRAY, for defendant in error.

MAXWELL, J.

On September 27, 1897, in the appeal of *Mercer v. Mercer,* pending in this court, the following order was made:

"Good and sufficient cause therefor appearing, it is at this day ordered by the court that appellee be and is hereby allowed to prosecute her appeal

herein *in forma pauperis.* It is further ordered and adjudged by the court that appellant pay into this court for the use of appellee, on October 1, 1897, and on the first day of each month thereafter, $12.50, and until the final disposition of the appeal in this court.''

Under the foregoing order, defendant in error paid into this court for the use of plaintiff in error, $250.00. May 10, 1899, the appeal in *Mercer v. Mercer,* was dismissed.—13 Colo. App. 237.

July 3, 1899, this court denied a petition for a rehearing, and made the following order in connection therewith:

''It is also ordered that the order directing monthly payments to appellee, be and the same is hereby vacated and set aside. The motion for direction to court below is denied.''

April 10, 1900, defendant in error filed in the county court of Arapahoe county, his complaint against plaintiff in error, whereby and wherein he sought judgment against the plaintiff in error for the $250.00 paid by him into this court for the use of plaintiff in error, and also to restrain the execution of a judgment for $500.00 permanent alimony, which judgment had been rendered against him in the divorce proceedings from which the case of *Mercer v. Mercer,* 13 Colo. App. 237, was an appeal, until he could secure such judgment, and when such judgment should be secured, that the same be offset against the permanent alimony judgment. This last case went by appeal to the district court of Arapahoe county, in which court—July 16, 1900—a final decree was rendered as follows:

''At this day this cause coming on to be heard, upon the motions of the several parties for judgment in their favor respectively herein, and the court having heard the arguments of counsel, and being fully

advised in the premises, doth deny the said motion of the defendants, and doth grant the motion of the plaintiff for judgment in his favor against the defendant Lettie A. Mercer, upon the pleadings herein.

"And it appearing to the court from the pleadings herein that the original judgment of the defendant Lettie A. Mercer, in the county court of Arapahoe county, Colorado, and against the plaintiff, for five hundred dollars ($500.00), has been paid, excepting the amount of two hundred and fifty dollars ($250.00), with interest thereon, for which the plaintiff claims credit in this action, it is therefore

"Ordered, adjudged and decreed that the plaintiff do have and recover of and from the defendant Lettie A. Mercer, the sum of two hundred and ninety dollars and seven cents ($290.07), and that the same be applied as a credit and in full discharge of the balance of the original judgment in favor of defendant Lettie A. Mercer against the plaintiff herein, on the 18th day of March, 1897, in the county court of Arapahoe county, Colorado, and that said judgment be and hereby is discharged and satisfied in full, and that the defendant refrain from any further efforts to collect said judgment or any part thereof. It is further ordered, adjudged and decreed by the court that the plaintiff herein pay the costs of this proceeding in the county court and in this court, accrued up to the time of his filing his supplemental complaint herein, and that he recover of and from the defendant Lettie A. Mercer all other costs in this behalf expended, taxed and to be taxed, and that execution issue therefor."

The defendant brings the cause here by writ of error.

In the view we have taken of this matter, it will be unnecessary to discuss or consider the many errors

assigned, or the authorities cited by counsel for both parties in support of their several contentions. The $250.00 paid Mrs. Mercer during the pendency of the appeal in *Mercer v. Mercer,* was alimony *pendente lite.* There can be no question of the authority of appellate courts to make and enforce orders in this behalf, in proper cases. In *Pleyte v. Pleyte,* 15 Colo. 125, the supreme court said:

"The reasonable rule would seem to be that when the wife is involved in a suit against her husband for divorce, either as plaintiff or defendant, she should be allowed alimony and suit money out of the husband's estate or earnings, so as to place her upon an equality with him in the litigation until the same is finally determined; and these allowances may be extended to the pendency of the cause on appeal or error, whenever it is made to appear to the appellate court that the review is prosecuted in good faith, and that error has probably been committed to her prejudice."

In *Hart v. Hart,* 31 Colo. 333, opinion handed down June 1, 1903, the court says:

"This conclusion was reached upon the ground that when the wife is involved in a suit against her husband for divorce, she should be allowed counsel fees and suit money out of her husband's estate, so as to place her upon an equality with him in carrying on the litigation, until finally determined."

The order of this court of September 27, 1897, under which the sum in controversy was paid into this court for the use of the plaintiff in error, was made pursuant to the "reasonable rule" announced by the supreme court above, and was based upon good and sufficient cause. The theory upon which the suit below was commenced and prosecuted, and the contention of defendant in error in this court, is:

1.   This court having decided that it was with-

out jurisdiction in *Mercer v. Mercer,* it was also without jurisdiction to make the order of September 27, 1897; therefore, the order was void, and the money paid into this court for the use of Mrs. Mercer having been paid upon a *void* judgment, can be recovered.

2. The court having jurisdiction to make the order, subsequently reversed it as erroneous, and the money having been paid upon a *reversed* judgment, can be recovered.

The foregoing statement does not fairly state the facts as they appear from the record of this court.

An examination of the opinion of the court in *Mercer v. Mercer, supra,* clearly indicates that it decided that it had not jurisdiction to *review the decree.*

The court certainly had jurisdiction to determine whether or not it had jurisdiction to review the decree, and having such jurisdiction, it was necessary that the appellee be placed in a position to fairly present her side of the controversy. This was accomplished by the order of which complaint is made in the matter at bar.

As will hereinafter appear, the court did not *reverse* the order of September 27, 1897, and therefore the money was not paid upon a *reversed* judgment.

1. In *Mercer v. Mercer, supra,* at bottom of page 247, this court said:

"This repealing clause (Law of 1893) is broad and sweeping, repeals all other acts on the subject of divorce and alimony, destroys the right to sue out a writ of error within three years and by necessary intendment deprives this court of jurisdiction to review decrees in divorce suits."

From the above language it would appear that the want of jurisdiction is limited to the "review of

decrees .in divorce suits." The court in the above
case undoubtedly had jurisdiction of the parties, as
they had appeared, appellant insisting upon his right
to have his appeal heard, appellee urging her motion
to dismiss the appeal, and the court being placed in
a position where it must adjudge the matter. Upon
reason, it seems beyond question, that under the
facts of the case, this court had jurisdiction not only
to make the order, but to make all other necessary
incidental and interlocutory orders to accomplish the
determination of the cause. To hold, that the court
did not have jurisdiction to make this order, forces
the conclusion that the court had no jurisdiction to
make any order whatever in the case, the result of
which would be to hold that the court had no juris-
diction, the absurdity of which is apparent. There
is nothing in the opinion of the court to lead to such
a result, and the conclusion is, that the court had
jurisdiction to make the order, and therefore, the
order was not void.

2. An examination of the order made July 3,
1899, supports the conclusion that the court did not
intend to, and did not *reverse* the order of September
27, 1897. Incorporated in the order is the following:
"The motion for direction to the court below is
denied."

An examination of the record in *Mercer v. Mer-
cer* discloses, that the appellant petitioned this court
to *direct* the court below to apply the $250.00 paid
by him into this court, as a credit upon the $500.00
permanent alimony judgment, which petition was
by the court denied, clearly indicating that this court
did not intend to reverse the order of September 27,
1897, or go to the extent of ordering the money paid
pursuant to such order, to be repaid, or recovered,
but on the contrary simply vacated and set aside
such order from and after that date.

The language of the order of July 3, 1899, seems to clearly indicate, that this court was of the opinion, that the cause having been finally disposed of so far as this court was concerned, there being no suit pending in this court, the order of this court for alimony *pendente lite,* should be vacated and set aside.

We therefore conclude that the order of September 27, 1897, was not *reversed,* and that this action cannot be maintained.

For the reasons above stated, the judgment of the court below is reversed, and the cause remanded with instructions to dismiss the proceedings.

*Reversed.*