## No. 8922.

### ROTGE *v.* ROTGE.

1. DIVORCE AND ALIMONY—*Change of Conditions—Effect as to Alimony.* After the allowance of temporary alimony judgment was recovered in another court against both husband and wife, for medical services rendered to the wife in the meantime. The husband made no defense to the action. On the petition of the wife the husband was required to pay the amount of this judgment as well as the wife's hospital bill.

2. APPEAL AND ERROR—*Judgment.* Pending an action for divorce, the wife incurred a bill for medical services. On her petition the husband was ordered to pay the amount of the wife's liability, being a bill at a hospital, and a bill due a surgeon. It being objected that this required payment to those not parties to the suit, the court declined to reverse the judgment, but directed its modification, requiring payment of the proper amounts into court, to be used by the wife in discharging the indebtedness in question.

Error to El Paso District Court, Hon. W. S. MORRIS, judge.

Mr. M. M. BURNS, Mr. IRA HARRIS, Mr. EDWARD C. STIMSON, Mr. PAGE M. BRERETON, for plaintiff in error.

Mr. W. D. LOMBARD, Mr. JAMES A. ORR, for defendant in error.

Mr. Justice White delivered the opinion of the court.

THE question involved grows out of a divorce proceeding, wherein the defendant in error here was plaintiff, and the plaintiff in error was defendant.  Upon application for temporary alimony, etc., the court entered an order requiring the defendant to pay plaintiff $125.00 per month, $100.00 as attorney fees, and the further sum of $25 as court costs, "until the further order of the court." Thereafter an answer was filed to the complaint for divorce. While the matter was thus pending, and approximately six months after the date of the filing of the answer, plaintiff filed a petition in the case wherein she recited the order aforesaid relating to temporary alimony, etc., and alleged "that at the time of the granting of said order it was understood by all parties to this cause, and so stated upon the hearing for such order, by the said judge of this court, that such sum was allowed with the understanding that it was not to cover or intended by the court to cover unforseen conditions or contingencies that might arise, whereby the plaintiff might undergo other expense necessary and required to be paid, prior to the trial of this cause and final determination thereof in this court."  She further alleged that subsequent to such order, and prior to the filing of the instant petition, it became necessary for plaintiff to undergo an operation, "and for that purpose (she) was taken" to a hospital where she was operated; that the necessary expenses incurred in such operation were $28.90 for hospital fee and $160.00 fee of the surgeon, which she had incurred, was unable to pay, and now owed; that the aforesaid temporary alimony required by order of the court to be paid by defendant to plaintiff per month was and is "inadequate and insufficient with which to take care of the extra expense."  The petition was sworn to and ended with a prayer that the court require the defendant to forthwith pay to plaintiff, or to the hospital and the surgeon, the aforesaid sums.  No answer or affidavits denying the facts alleged in the petition were filed.  Upon the hearing of the petition, it was conceded by counsel on

either side, that the surgeon who performed the operation had sued the parties to this suit before a justice of the peace, and recovered judgment against both for the amount of his fee, but nothing had been recovered upon the judgment, though plaintiff in error had been garnished as being indebted to defendant in error and had answered thereto, admitting his indebtedness for the monthly alimony due. The court thereupon found the issues upon the petition in favor of plaintiff, and that the expenses of the operation and hospital bill incurred were an unforeseen contingency, for which no provision had been made by the court and that the bills were just, and that judgment for the surgeon's bill had been rendered in the justice court against both the parties to this suit, and ordered that plaintiff in error herein pay the hospital bill and said judgment, and that the payment of said amounts should in no wise be deducted from or in any way affect the temporary alimony required by prior order of the court to be paid by defendant to plaintiff each month.

The ordinary rule that, wherein a divorce suit temporary alimony has been awarded the wife and the husband duly pays the same, he will not be liable thereafter for necessaries subsequently furnished her, has no application to the facts of this case. It may be that the husband, in the instant case, might have avoided the judgment against himself in the justice court by making the defense now suggested. This he did not do, and the finding is that a judgment was rendered therein against both the parties hereto and stands unpaid. While it is the debt of the husband, it is likewise the debt of the wife, and the substantial effect of the order is that the husband furnish her with money to pay her debt. If compliance with the order incidentally satisfies a judgment against the husband, it in no wise affects this controversy. The question here relates to the power of the District Court, where the divorce suit is pending, to increase the payments, required to be made by the husband during the pendency of the suit, to meet the needs of the wife which have arisen because of changed condi-

tions, and has nothing to do with the rights of third parties as against the husband. Defendant further contends that the order is invalid, for the reason that it requires him to make payments to persons not parties to the suit. It is true that it directs defendant to pay the hospital bill incurred by plaintiff, and the judgment in favor of the surgeon for his services. The purpose of the proceeding was to relieve plaintiff of the obligations in question, and, if it was technically an error, to order defendant to pay the same directly, instead of requiring him to pay the necessary amount into the court to be used by plaintiff in the discharge of such indebtedness, it may be corrected here and a reversal of the judgment is unnecessary. The judgment is accordingly so modified; and, as modified, affirmed.

*Judgment affirmed.*

Decision *en banc.*

Mr. Justice Scott not participating.