No. 11,465.

MILLER *v.* MILLER.

Decided June 21, 1926.

Order for payment of alimony and attorney fees in an action for divorce.

*Modified and Affirmed.*

*On Application for Supersedeas.*

1. DIVORCE AND ALIMONY—*Attorney Fees—Evidence.*  On application for allowance of attorney fees in a divorce suit, it may be that no evidence is required as to the amount to be allowed, where all the facts are within the knowledge of the court.

2. *Counsel Fees in Reviewing Court.*  On review of an order adjudging a defendant in a divorce case guilty of contempt for failure to pay alimony, under the facts disclosed, it is held that the trial court had jurisdiction to make an order allowing counsel fees to the wife for the hearing on review.

3. CONSTITUTIONIAL LAW—*Divorce and Alimony—Contempt.*  The contention of defendant in a divorce action that an order abating the proceedings until he complied with an order of court for the payment of alimony deprived him of his right to make a defense, and that imprisonment for failure to comply with the order was in violation of his constitutional rights, overruled.

4. DIVORCE AND ALIMONY—*Attorney Fees.*  In a divorce suit, on the question of allowance of attorney fees for the wife, the court should take into consideration, among other things, the financial condition of the parties, their income, and necessities of the case.

5. *Temporary Alimony—Court Discretion.*  The allowance to be made for temporary alimony, attorney fees and suit money in a divorce action, is within the sound discretion of the trial court, and unless that discretion has been abused the order of allowance will not be disturbed on review.

6. *Alimony—Reasonableness.*  An allowance of $50 a month as temporary alimony for the support of a wife and child, held reasonable under the facts disclosed.

7.    *Alimony—Modification.* In a divorce action, the question of whether an order for the payment of temporary alimony should be modified, is within the discretion of the court.

8.    *Attorney Fees—Excessive.* An allowance of $900 as attorney fees in a divorce action held excessive under the facts disclosed.

9.    *Alimony—Custody of Child—Discretion.* Evidence reviewed in a divorce action, and held that the trial court did not abuse its discretion in refusing to reduce the amount of alimony accrued or to reduce the amount to be paid in the future or to change the custody of the child.

10.   *Attorney Fees—Review.* The Supreme Court may modify an order of the trial court allowing attorney fees to a wife in a divorce action.

11.   *Alimony—Review.* If the evidence as to the ability of the husband to pay temporary alimony in a divorce action is conflicting, the order of the trial court based thereon is not reviewable.

12.   *Alimony—Modification.* There being no conflict in the evidence, it is held that the financial condition of the husband, under the facts disclosed, required the reduction of the amount allowed the wife as attorney fees from $900 to $200.

13.   *Alimony—Attorney Fees.* If the husband in a divorce action has any property, it may be sold and the proceeds applied to the payment of alimony and attorney fees.

14.   *Alimony—Imprisonment—Release.* Husband in a divorce action imprisoned for contempt for failure to pay alimony, on consideration of the facts disclosed, ordered released by the Supreme Court under prohibition from leaving the jurisdiction of the trial court, with leave to bring further contempt proceedings if he fails to make reasonable effort to comply with the court's orders.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. FRANK DELANEY, for plaintiff in error.

Mr. SAMUEL N. WHEELER, Mr. S. HARRISON WHITE, for defendant in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE defendant in error was plaintiff in the court below, plaintiff in error was defendant there, and the parties will be so designated here. This case has twice before been in this Court. *Miller v. Miller*, 74 Colo. 143, 219 Pac. 783; *Miller v. Miller*, 79 Colo. 118, 244 Pac. 66.

The action was instituted in the district court of Rio Blanco county, for the purpose of obtaining a divorce, where a trial was had in August, 1920, resulting in a verdict finding defendant not guilty, and another verdict finding plaintiff guilty as charged in defendant's cross-complaint.

Later a new trial was granted and thereafter, on the application of the plaintiff, a change of venue was granted to Garfield county. A second trial of the divorce case has not been had, but various orders have been made relative to temporary alimony and attorney's fees, and adjudging defendant to be in contempt. These orders relating to alimony and the contempt proceedings have been reviewed in *Miller v. Miller, supra*.

On September 8, 1925, defendant filed his petition in which he asked to be relieved from the payment of past due alimony; offered to convey all his property for the benefit of plaintiff and tendered same into court; alleged his inability to pay the alimony previously ordered, and his want of earning capacity; that he be released from jail, and for a reduction in the amount of temporary alimony, and also asked for the custody of the child. On September 29, 1925, plaintiff filed her petition asking for an order for attorney's fees, and for the abatement of further proceedings in the divorce case, or that the same be continued until payment of the temporary alimony and attorney's fees.

Defendant answered this petition in due time, and on October 16, 1925, plaintiff answered the petition of defendant.

October 16, 1925, a hearing was had on plaintiff's petition for attorney's fees, and the court made certain findings and orders relative thereto, which are summarized as follows: The court fixed the attorney's fees for the plaintiff, for the case then pending in the Supreme Court, at $500 payable instanter; and fixed the attorney's fee for taking depositions under defendant's application and notice, and for trial of the case in the trial court, at $400 payable, $200 before the date fixed by defendant's notice for taking depositions, and $200 before the trial of said cause; that the taking of the depositions be continued or abated until the first installment of $200 of the attorney fee should be paid. The court declined to make any order vacating the order previously made for the payment of $50 per month for temporary alimony, or to reduce the same, or to reduce the amount of the accumulated unpaid alimony, which, at the time of the hearing, amounted to more than $2,000.

The court made a further order that the $50 a month be divided by the payment of $30 a month for the support of the child, and $20 per month to be paid to the plaintiff for her support.

The court declined to change the custody of the child from the mother to the father, but left the matter open for renewal of the motion at such time as additional evidence might be produced.

The court made no definite finding as to the present ability of the defendant to pay the alimony which had accumulated, but said: "The court is satisfied that it could have been paid at the time and in the way ordered by the court, and it was the fault of the defendant to allow it to run and accumulate.

These orders are sought to be reviewed in this proceeding. The defendant's contentions are: That there was no evidence introduced by plaintiff on the hearing as to the attorney's fees; that the court erred in allowing attorney's fees and in the orders made concerning ali-

mony; that the trial court was without jurisdiction to award attorney's fees in a case pending in the Supreme Court; that the amounts awarded as attorney's fees w.ere unreasonable and excessive, and beyond the ability of defendant to pay; that the court erred in the abatement or continuance of the taking of the depositions, and in failing to change the custody of the child from the mother to the father.

1.   There was evidence on the question of attorney's fees.  The evidence of Mr. Wheeler and the records, files, and exhibits in the case constituted sufficient evidence. It may be true, as claimed by plaintiff, that no evidence was necessary as these matters were all within the knowledge of the court. *Enyart v. Orr,* 78 Colo. 6, 238 Pac. 29, 36; 14 Cyc. 761, 764; *Peyre v. Peyre,* 79 Cal. 336, 21 Pac. 838; *De Llamosas v. Llamosas,* 62 N. Y. 618; *Estate of Dorland,* 63 Cal. 281, 282.

Wheeler stated that he did not take into consideration defendant's financial ability to pay, but only the value of the services, and that Miller had himself testified that he was a strong man and in good health.

2.   On the question of the jurisdiction of the trial court to allow attorney's fees for services to be rendered in the Supreme Court after the case has gone to the latter court on appeal or writ of error, the authorities are not in harmony, and we need not go to any great length in an effort to review or reconcile them.

In *Pleyte v. Pleyte,* 15 Colo. 125, 25 Pac. 25, we held that the wife should be allowed alimony and suit money out of the husband's estate or earnings so as to place her upon an equality with him in the litigation, "and these allowances may be extended to the pendency of the cause on appeal or error, whenever it is made to appear to the appellate court that the review is prosecuted in good faith, and that error has probably been committed to her prejudice.  Such relief, however, will not be granted, except upon a showing that the wife is destitute, in whole or in part, of the means necessary to maintain herself

and carry on the litigation, and that the husband is able to supply the same." Citing, among other cases, *Daniels v. Daniels,* 9 Colo. 133, 10 Pac. 657. But we did not hold in that case that the trial court did not also have jurisdiction to make the allowance.

In *Mercer v. Mercer,* 19 Colo. App. 51, 73 Pac. 662, the Pleyte case was cited with approval. Many other cases sustain this view.

There are other cases, which while asserting the power of the appellate court to make the allowance, hold that the better practice is to make application therefor to the trial court.

In 1 R. C. L. section 21, p. 882, it is said: "It is generally held that appellate courts as well as trial courts have jurisdiction of an application for alimony pending an appeal."

Some cases hold that only the trial court has jurisdiction to make the allowance. 19 C. J. Sec. 643, p. 281; *Roby v. Roby,* 9 Idaho, 371, 74 Pac. 957.

Our statute (C. L. § 5599) provides, inter alia, that, "At all times after the filing of a complaint in an action for divorce, the court in term time, or the judge thereof in vacation, may make such order for the care and custody of a minor child or children of the parties as the circumstances of the case may warrant, and such court or judge may grant alimony and counsel fees pendente lite to the wife."

The divorce case is still pending in the district court. The case in this court, for which the allowance of attorney's fees was made, was brought here to review an order of the trial court adjudging defendant guilty of contempt in failing to pay temporary alimony, and committing him to jail until payment should be made. In view of our statute, and after an examination of the authorities, we are of the opinion that in the circumstances of this case, the trial court had jurisdiction to make the order of allowance for counsel fees for the case then pending in this court.

3. Defendant had served notice for the taking of depositions of witnesses in Rio Blanco county. The court abated or continued this notice and further proceedings in the case until payment of the $200 attorney's fees. At that time defendant offered to withdraw, and later filed a withdrawal or waiver of, his cross-complaint as such, and it now stands only as a defense. He contends that the status of a husband-defendant is different from that of a husband-plaintiff, and cites *Frey v. Frey,* 61 Colo. 581, 158 Pac. 714; 19 C. J. 321, 322, Sec. 744.

Defendant claims further that by the order of abatement the court deprived him of the right to make a defense, on the theory that plaintiff could move for a trial at any time and defendant, without his depositions, could not make a defense; that thereby defendant was deprived of his liberty or rather which he says amounted to the same thing, the court continued defendant's unlawful restraint and confinement without due process of law and in violation of article 2, section 25, and article 2, section 6, of the state Constitution, and in violation of the Fifth Amendment to article 5, and the Fourteenth Amendment to article 14, section 1, of the federal Constitution.

Defendant concedes that if he were able to comply with the orders of the court his argument would not be sound, that is, if defendant had sufficient means and vexatiously withheld payment of the sums ordered.

The order of abatement or continuance is not in violation of any provision of either the state or federal Constitution. The order made did not embrace any provision for the defendant's imprisonment, nor in any manner place any restraint upon his liberty. Defendant's argument is not sound. He anticipates that plaintiff may move for a trial, and if she does the court will grant it; if granted the defendant will not have his depositions, and without the depositions he will be deprived of his defense. These things may never happen, and the de-

fendant should not be permitted to prepare his defense, without placing plaintiff on an equality with him in that respect, by paying into court a sum sufficient to enable her to be represented, and have her interests protected, at the time and place of taking the depositions; not necessarily the amount of the attorney fee as ordered by the trial court, but such sum as will be actually necessary for that purpose. Until such sum is paid the taking of the depositions should be continued.

4. As to defendant's inability to pay the amount ordered for plaintiff's attorney's fees: We have held that the court should take into consideration, in making allowance for the wife's attorney's fees, among other things, the financial condition of the parties, their income and the necessities of the case. *Daniels v. Daniels, supra; Pleyte v. Pleyte, supra; Hart v. Hart,* 31 Colo. 333.

In *Daniels v. Daniels, supra,* we said: "The essential facts to be established are, as before stated, the existing marriage relation of the parties, the present destitution of the wife, and the financial ability of the husband."

Also, it is said: "Where the suit is brought by the wife, the husband's poverty may be pleaded by him in defense to the application." 19 C. J. 216, Par. 518.

The allowance to be made for temporary alimony, attorney's fees, and suit money, is within the sound discretion of the trial court, and unless that discretion has been abused, the allowance made cannot be disturbed.

In the instant case the destitute condition of the plaintiff, and her necessities were clearly established, the amount allowed for temporary alimony for the support of herself and child was reasonable, and whether the amount should be increased or decreased was within the discretion of the court.

The only question arising here is as to the reasonableness of the allowance for attorney's fees made by the court on October 16, 1925, taking into consideration the situation and financial condition of the defendant at that time.

Prior to the hearing on October 16, 1925, the court had made various orders for the payment of alimony; also an order allowing plaintiff $100 for her attorney's fee, and on the date of the hearing there was past due and unpaid on the alimony a sum exceeding $2,000. The defendant had been in jail 74 days during the year 1921, for failure to pay alimony, and during his confinement in jail, stock had eaten his crop.

In July, 1925, defendant was again committed to jail for non-payment of alimony where, so far as the record shows, he has since remained.

While we think the court was justified in finding from the evidence that the defendant could have made the payments of temporary alimony ordered, if he had made them as they became due, yet we think it appears further that on October 16, 1925, defendant was in jail; that he had no money; that his land had been sold under foreclosure and had not been redeemed, although the time for redemption had nearly expired; that his personal property had been taken and sold under chattel mortgage, or on execution for the payment of his debts, and that at that time he was unable to comply with the court's orders relative to the payment of attorney's fees in the amounts fixed by the court.

This condition, it is true, may have been brought about by his failure to make the payments of alimony as ordered, but that his actual situation and financial condition was, on October 16, 1925, as stated, can hardly be denied. If the attorney's fees could be based solely on the value of the services performed, or to be performed, we think the amounts allowed could be deemed reasonable, but if, as we have held, that the situation, financial condition, and income of defendant at the time the order is made, must be taken into consideration, then we think the amounts allowed are excessive, and beyond the ability of defendant to pay.

It is true that the earning capacity of defendant, in the work he is qualified to do, may be taken into consideration in making the allowance, but here it can hardly be said that defendant's earning capacity, in view of the situation and the circumstances as they existed at the time the order was made, and the defendant being confined in jail, even though strong, robust, and in good health, was sufficient to justify the amounts allowed.

5.   The orders made by the trial court on the 16th day of October, 1925, relative to the temporary alimony, and the custody of the child, were within the sound discretion of the court, and unless that discretion was abused, we cannot disturb them.

The evidence of the defendant himself was very unsatisfactory as to the reasons why he had not made some effort to comply with the court's orders relative to the payment of the temporary alimony. He admits that no voluntary payment of alimony was made by him after the payment of $22.50 some time in February, 1921. Other amounts aggregating $600 or $700 realized from the sale of crops under the court's order were paid into court to apply on the alimony, but all were paid prior to March 1, 1921, and no payment of any kind made thereafter. In June, 1923, defendant received for his labor $247.15 for that month; for July of that year he received $216.40; for August he received $166.65; in December he received $119.65; in May, 1924, he received $86.20, and in June he received $221.

His claim is that it all went for board, horse feed, and debts. For the other parts of the years mentioned, there is no showing as to what he received, or whether during that time he was without work, or that he was unable to obtain it, or physically unable to perform it. He admits that he did not pay any of it for the support of the child or of his wife, or in compliance with the court's orders.

It appears that defendant offered to turn over all his property to the court for the benefit of his wife and child,

and to satisfy the court's orders for the payment of alimony, but it also appears that, at the time of this hearing, unless his real estate should be redeemed from the foreclosure sale, he had no property whatever to be thus disposed of.

In the light of the testimony furnished us by the record, we cannot see that the court abused its discretion in refusing to reduce the amount of alimony accrued, or to reduce the amount to be paid in future, or to change the custody of the child.

6. This court unquestionably has the right to modify the order of allowance for attorney's fees, and we think we should do so. *Hart v. Hart, supra; Van Gordor v. Van Gordor,* 54 Colo. 57, 59, 129 Pac. 226, 44 L. R. A. (N. S.) 998; *Rotge v. Rotge,* 64 Colo. 322, 171 Pac. 360; *Pope v. Pope,* 47 Or. 298, 83 Pac. 786; *Derritt v. Derritt,* 66 Okl. 124, 168 Pac. 455, 456.

If the testimony was conflicting, it would not be reviewable, but as to his situation and financial condition, defendant's evidence is undisputed.

The judgment of the lower court should be modified by reducing the amount of the attorney's fees as follows: $100 for the case then pending in the Supreme Court, payable at once; $100 for the taking of depositions and other proceedings to be had in the trial court, to be paid before the depositions are taken.

If defendant has any property, or an equity in any property, of course the same can be sold, and the proceeds applied to the payment of alimony and attorney's fees.

Defendant has been amply punished for past contempt; he has no money, and can earn none while in prison; the usual coercion of imprisonment is hence impotent, and it is therefore ordered that defendant be released under prohibition from leaving the jurisdiction of the court, and remain at liberty so long as he makes reasonable effort to comply with the court's order, with

leave to bring further contempt proceedings if he fails to do so.

The trial court may, in its discretion, require defendant to give an undertaking in a sum not exceeding $1,000, with sureties, conditioned that he will not leave the jurisdiction of the court.

The supersedeas is denied and the judgment, as modified, will be affirmed.