Argued April 1; affirmed April 15, 1930

STATE ex rel. LA FOLLETT v. LA FOLLETT

(287 P. 82)

*John A. Jeffrey* of Portland and *John Bayne* and *Guy O. Smith,* both of Salem, for appellant.

*Guy L. Wallace* and *J. F. Alexander,* both of Portland, for respondent.

ROSSMAN, J. This is an appeal from a judgment of the circuit court which adjudged the defendant guilty of a contempt of court for his failure to comply with an order made by it August 26, 1929. The parties herein are the same as those in *State ex rel. Mary LaFollett v. LaFollett,* (Or.) see *ante,* p. 257 (284 P. 283), which was also a contempt proceeding, having its inception in the same suit for a divorce out of which this present action arose. We shall hereafter refer to the previous contempt proceeding as the "first case." It will be observed from a reading of the decision in that case that the order upon which that contempt was predicated was made by the circuit court May 7, 1929. When the defendant refused without justification to comply with that order he was adjudged guilty of a contempt, and a penalty was assessed against him; thereupon he prosecuted an appeal to this court. After the defendant had announced his intention not to comply with that order of the circuit court, and had given his notice of appeal the relator, his wife, filed an affidavit with the circuit court praying for an order requiring the defendant to contribute towards the support of his children pending the appeal, and to

provide her with a sufficient sum of money so that she could discharge the costs and expenses exacted of her, as relator, by that appeal. Based upon a proper showing the circuit court entered its order August 26, 1929, requiring the defendant to pay $75 per month for the support of his children, pending the appeal, and $100 to defray the costs and expenses to be incurred by his wife in this court. The defendant refused to comply with that order and thereupon the relator commenced the proceedings which have culminated in this second contempt of court action. An affidavit, filed by her with the circuit court October 1, 1929, states that she and the defendant are the parents of four children, six to fourteen years of age, and recites detailed information that the defendant is possessed of ample means to enable him to comply with the court's order.

The motions and affidavit which commenced this second contempt proceedings were filed in the divorce suit. To these pleadings the defendant filed a motion; when it was denied he filed a demurrer, and when the latter was overruled he declined to plead further. Later he was adjudged in contempt of court, again penalized, and then prosecuted this appeal.

The defendant presents for our disposal only two contentions: (1) that the lower court erred when it failed to strike from the files in the divorce suit the affidavit which constitutes the foundation for the contempt proceedings, (2) that the court had no authority to order him to pay his wife's expenses as relator in this court incidental to the appeal of the first contempt proceedings.

■ The defendant's first contention is that the proceeding for contempt is a separate action from the

divorce suit. The case of *State ex rel v. Mart,* — Or. — (283 P. 23), disposed of a similar contention. We there applied what we believe is the purpose and intent of 1923 Session Laws, c. 165; that is, that a civil contempt may be prosecuted in the cause out of which it arose. We remain satisfied with that conclusion; it follows that in our opinion this contention is without merit.

■ Defendant next argues that the circuit court had no authority to order him to place at the disposal of his wife $100 so that she could defray her costs and expenses as relator in sustaining on appeal a judgment which found him guilty of contemptuously refusing to obey an order relating to the support of the children of the parties. The facts before us indicate that the attorneys, who prosecuted the first case, were selected by the relator, and that they received no remuneration from public funds; further they seem to indicate that that proceeding was not conducted for any penal purpose, but in the nature of an execution to obtain payment of a judgment. The first case was clearly one of civil contempt, brought for the enforcement of a right in which the relator had a direct, substantial, personal interest. Although the public could have prosecuted that case, due to the fact that it was based upon a disobedience of an order issued by its courts commanding the support of children neglected by a derelict father who had ample means to provide for them, nevertheless, it remains true that it was actually conducted by the relator as one of civil contempt in the nature of an execution to enforce the decree of a court rendered in her favor. Such having been the purpose of that proceeding the question now presents itself, was the court without authority when it ordered

the defendant to place at the relator's disposal $100 so that she could defray the expenses incidental to the appeal. Section 512, Or. L., provides:

"After the commencement of a suit, and before a decree therein, the court or judge thereof, may, in its (or his) discretion, provide by order as follows:

"1. That the husband pay, or secure to be paid, to the clerk of the court, such an amount of money as may be necessary to enable the wife to prosecute or defend the suit, as the case may be, * * *

"2. For the care, custody and maintenance of the minor children of the marriage during the pendency of the suit; * * *"

When the court made all of the aforementioned orders the divorce suit was still pending before it.

We are of the opinion that our statute confers ample authority to justify the allowance of the expense money in the contempt proceeding. As previously observed that proceeding was prosecuted as a civil remedy to enforce a private right; the right is so clearly mentioned by the above statute that we need make no further mention of the statute. The following well-reasoned cases support our conclusion: *Miller v. Miller,* 79 Colo. 609 (247 P. 567); *Czarra v. Czarra,* 128 Ill. App. 430. See also *Potters v. Potters,* 133 Misc. Rep. 26 (231 N. Y. S. 33), where the court in fixing the penalty in the contempt proceeding added "the additional sum of $25 as reasonable counsel fee" for the wife. The first two cases cited, especially the Illinois case, possesses facts strikingly similar to those before us.

It follows that the judgment appealed from will be affirmed.

McBRIDE, J., and BELT, J., not sitting.