No. 20,161.

NORMAN L. PEERCY *v*. DIXIE KAY PEERCY, BY HER NEXT FRIEND, LOUISE E. LITSEY.
(392 P. [2d] 609)

Decided May 11, 1964.

June 8, 1964, opinion modified and as modified, rehearing denied.

Mr. Wm. Atha Mason, for plaintiff in error.

Messrs. Groves, Dufford, Nelson & Spiecker, for defendant in error.

*In Department.*

Opinion by Mr. Justice Frantz.

In response to a citation to show cause why he should

not be held in contempt of the trial court for failing to make support payments for Tremaine Kay Peercy as required by its order, Mr. Peercy filed his motion in which he sought to have the decree and order vacated insofar as it directed him to make such payments. As justification for his motion, Mr. Peercy alleged that he was not the father of the child, and advanced two reasons why such relief should be granted to him. His reasons were presented in the form of designated "affirmative defenses."

In his first defense he acknowledged that he entered into a written agreement (incorporated in the decree of divorce) concerning the custody, reasonable visitation rights, and support of "the parties' minor child," but stated that he entertained at all times reservations and doubts about his paternity of the child; that he presently has proof "that he is not the father of said child"; that paternity was not placed in issue nor adjudicated in the divorce action.

He then invoked C.R.S. '53, 46-1-5, 1960 Perm. Cum. Supp., which invests the trial court with continuing jurisdiction, whether before or after entry of the decree of divorce, to make or revise orders concerning custody, care and support of children, as affording a statutory remedy in the premises by which he could be relieved of the order for child support.

In his second defense he alleged paternity in an unknown person; that, although entertaining suspicions respecting paternity of the child, he had no "firm evidence" at the time by which he could disprove his paternity, and therefore entered into the agreement; that at the time Mrs. Peercy "may have had some uncertainties respecting said issue"; that Mr. Peercy's "nonpaternity" was confirmed by blood tests taken in May 1961 (four months after the citation issued); that a mutual mistake as to the paternity of the child existed at the time the agreement was executed and the decree entered.

Because of such alleged mutual mistake, Mr. Peercy would have had the trial court revise the decree, to bring it in accord with fact as to paternity and, therefore, to set aside the order for support payments for the child.

On the day of trial Mrs. Peercy orally moved in advance of the presentation of evidence as follows:

"At this time, I would move to strike all of the affirmative defenses as set forth by the defendant * * * on the basis that those defenses are based upon facts and incidents which are alleged to have occurred prior to the entry of the property settlement agreement, and prior to the entry of the decree of divorce, and that therefore all issues which were before the Court at that time are res adjudicata, and in addition, the defendant is estopped from now raising this as an issue by virtue of having entered into a property settlement agreement and having allowed a decree of divorce to be entered by default."

Ruling on the motion to strike was deferred until all the evidence was received, after which the trial court made extensive findings of fact and conclusions of law, and ordered that the defenses "be stricken for the following reasons:

"1) The question as to whether the child * * * is the issue of the marriage between the parties is res adjudicata.

"2) By his very conduct and actions, the defendant has renounced his right to bastardize the minor child involved, and is estopped from denying liability for making the support payments for the benefit of said minor child."

The trial court thereupon adjudged Mr. Peercy to be in contempt in failing to comply with its order for support of the child. His motion for new trial was denied, and he seeks reversal of the judgment by writ of error.

■ C.R.S. '53, 46-1-5, 1960 Perm. Cum. Supp., under which jurisdiction is retained by the court to make revisions of its orders in divorce proceedings, does not pro-

vide for a retrial procedure; such is not its purpose. An application for modification of a divorce decree in pursuance of the statute "is neither a rehearing of the original case nor a review of the equities." *Fischer v. Fischer,* 320 Mich. 176, 30 N.W. (2d) 826. One may not, under the guise of seeking revision of a divorce decree, obtain the advantages of a new trial in the original suit. *Hagen v. Hagen,* 212 Minn. 488; 4 N.W. (2d) 100; see *Harris v. Harris,* 113 Colo., 41, 154 P. (2d) 617. Such rule applies to the incidental fact of paternity in a divorce proceeding. *Arnold v. Arnold,* 207 Okla. 352, 249 P. (2d) 734.

■ Thus Mr. Peercy's reliance on the statute is ill-placed; the statute does not sanction a trial of issues which could or should have been presented initially. The issue of paternity could have been raised, tried and resolved before the entry of the divorce decree. Instead, Mr. Peercy entered into an agreement in which he tacitly recognized the child as his progeny, undertook to make support payments, and stipulated that the agreement be incorporated in whatever decree the court might enter. Mr. Peercy did not appear in the case originally, but permitted a default to be entered, after which the trial court heard evidence, decreed a divorce, and made the agreement a part of the decree.

■ Authority for relief from "a judgment, order or proceeding" is conferred in an appropriate proceeding by Rule 60 (b), R.C.P. Colo. To be entitled to have a judgment vacated or set aside, a disadvantaged party must bring himself within the terms and conditions of this rule. *United States v. Borchers,* 163 F. (2d) 347; see *Cortvriendt v. Cortvriendt,* 146 Colo. 387, 361 P. (2d) 767.

In this case Mr. Peercy sought to be relieved from the judgment more than six months after its entry. Such attempt was too late. Relief from the operation of a judgment alleged to have resulted from mistake must be pursued by motion, to be made within a reasonable time,

but "not more than 6 months after the judgment * * * was entered or taken." Rule 60 (b), R.C.P. Colo.

The judgment is therefore affirmed.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.

## ON PETITION FOR REHEARING.

It has been called to our attention that we overlooked determining the question of the propriety of the trial court's order directing that Mr. Peercy reimburse or pay Mrs. Peercy actual expenses in the sum of $298.14 and attorneys' fees in the sum of $1200.00, the latter payable at the rate of $50.00 per month, all paid or incurred in connection with this writ of error. We acknowledge the oversight, and now resolve the question.

After the writ of error issued, Mrs. Peercy filed her petition with us, seeking to have us award her such expenses and attorneys' fees. Consistent with our views expressed in *Watson v. Watson,* 135 Colo. 296, 310 P. (2d) 554, we denied the petition without prejudice to her seeking like relief from the trial court. Petition for such relief was then filed in the trial court, and there heard, and the order as already outlined ensued.

Mr. Peercy contends that the order for expenses and attorneys' fees was unmeet and erroneous, and hence would have us reverse it. After leave granted, he supplemented the record with the proceedings respecting such expenses and fees and their disposition.

Considering all the circumstances of this case, and particularly the relative financial situations of the contending parties, we hold that the allowance of said expenses and attorneys' fees was improper. We need only expatiate upon their financial condition in disposing of the question of the allowance.

Mrs. Peercy has "take-home pay" in the sum of $230.09 per month. To this should be added $35.00 monthly child support paid by Mr. Peercy and $10.00 required to be paid by him each month on arrearages for such sup-

port. These figures total $275.09. She was indebted in the sum of $3,153.76, of which $1,952.10 represented attorneys' fees.

Mr. Peercy has "take-home pay" of $288.45 per month as a teacher in the public school system of Loveland, Colorado. He augmented these earnings by playing music under a contract which terminated on January 3, 1963, netting him $95.45 each month. Until January 3, 1963, his total net income was $383.90, from which should be deducted $45.00 required to be paid to Mrs. Peercy, leaving him $338.90. He, too, is indebted; his obligations exceed $5,000.00.

If he were not reemployed as a musician after January 3, 1963, he would then have $288.45, less the $45.00 he pays for child support, or $243.45. Where a contract provides for its duration until a certain date, it is deemed to have run its course on that date. C.J.S. Contracts § 385. Courts under the circumstances will not assume that the contract will be extended or renewed. See *Hopedale Mach. Co. v. Entwistle,* 133 Mass. 443.

The law is solicitous to achieve fairness in domestic relations cases, and to this end seeks to place the wife on a plane of equality with the husband in such litigation by allowing her suit money and attorneys' fees out of the husband's estate or earnings, where such appears necessary to bring about such parity. *Miller v. Miller,* 79 Colo. 609, 247 Pac. 567; *Pleyte v. Pleyte,* 15 Colo. 125, 25 Pac. 25.

But such allowance will not be granted unless it is shown that the wife is destitute in whole or in part of the means necessary to maintain herself and carry on the litigation. A concomitant to this condition for relief is a showing of the husband's present ability to pay such allowance. *Miller v. Miller,* supra; *Pleyte v. Pleyte,* supra; see *Henderson v. Henderson,* 104 Colo. 325, 90 P. (2d) 968.

So far as assets, earnings, and obligations are concerned, the record in this case reveals that the plight of

both parties was not good, but that there was, for all practical purposes, equality between the parties. Mrs. Peercy was not "destitute in whole or in part." *Henderson v. Henderson,* supra. She possessed means which placed her on an equality with Mr. Peercy in the litigation.

The judgment for expenses and attorneys' fees is therefore reversed with directions to disallow them. To the extent herein indicated the opinion is modified and, as modified, rehearing denied.