No. 22296.

BARBARA A. STOVALL, FORMERLY BARBARA A. CROSBY *v.* CHARLES D. CROSBY.
(464 P.2d 868)

Decided February 2, 1970.

ROTHGERBER, APPEL, and POWERS, IRA C. ROTHGERBER, JR., for plaintiff in error.

MARTIN P. MILLER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THE parties were divorced in 1962. The divorce decree incorporated the terms of an agreement between them

as to alimony, child support and division of property. The plaintiff in error was the plaintiff in the trial court. The divorce decree awarded her the custody of the children. In 1963, the plaintiff was married to Mr. Stovall at which time her right to alimony terminated. Since then, she has, on several occasions, filed petitions seeking modifications and clarifications of the agreement.

The portion of the agreement which was the principal subject matter of various hearings in the trial court, concerns the provision that the defendant convey to the plaintiff certain real property under lease to the U.S. Post Office Department in Englewood, Colorado. The agreement provided that the defendant would furnish managerial services for this property at no expense to the plaintiff, and that from the lease income, he would pay various expenses including principal and interest payments on an existing encumbrance upon which he was liable. He would then account to the plaintiff for the net balance. The agreement further provided that upon receiving the conveyance, the plaintiff would not permit the property to be further encumbered; that she would not sell the property without the "reasonable consent" of the defendant; that she would devise the property to their two children; and that this property would not be considered part of her estate.

On December 12, 1963, the plaintiff filed a petition in the trial court seeking, among other things, an order terminating the defendant's management of the post office property and an accounting. After a hearing on this petition held in April 1964, the trial court found that there had not been established any valid reason to justify the defendant's removal as manager of this property and that he had managed it diligently and efficiently. Although the trial court declined to terminate the defendant's management, it did order the defendant to make quarterly reports to the plaintiff concerning his management of this property and to establish a trust account for the management of this property.

Thereafter on September 8, 1964, plaintiff filed two petitions. In the first petition, she sought a contempt citation against the defendant on the grounds that he had failed to make quarterly reports and that he had failed to establish a trust account as required by the previous court order. On the same grounds, plus alleging that if the plaintiff would manage the property certain inconveniences would be avoided, the plaintiff in the second petition again asked the trial court for:

"An order relieving the defendant of his right to manage the United States Post Office building owned by plaintiff located in Englewood, Colorado, and requiring defendant to make a final accounting to plaintiff of all monies received by him for rents received during his management of said property and all expenses incurred in connection therewith, and requiring him to pay over and deliver unto plaintiff the balance of any funds to which plaintiff is entitled upon said accounting, and that such accounting be had and made under the supervision, direction and control of this Court."

In both of these petitions, the trial court was also requested by the plaintiff to order the defendant to pay her attorney's fees and costs incurred in presenting and prosecuting these petitions.

A series of hearings on these petitions was held. After the initial hearing, the trial court directed that an audit be made of the defendant's management of the post office property by an accountant and that the cost thereof be borne by the property management account. The audit was made, and after several hearings, where evidence was introduced and testimony taken, the trial court took the matters in controversy under advisement. On December 15, 1965, the trial court made its findings of fact and conclusions of law, and insofar as pertinent to this writ of error, made the following determinations:

(1) "... The Court finds that defendant is skilled and experienced in the management of the subject post office and has managed the property diligently and efficiently

in the past. The evidence does not support plaintiff's allegations set forth in her petition and bill of particulars that defendant defaulted in the management of the post office building in the performance of his duties or that defendant's right to manage said post office is not justified in fact or in law."

(2) "The Court further finds that the evidence is insufficient to establish that defendant wilfully failed and refused to obey the orders of Court as set forth in the petition of plaintiff for a contempt citation and the contempt citation ought therefore to be discharged . . . ."

(3) "The Court further finds that the evidence fails to establish that the plaintiff ought to be awarded attorney's fees in connection with the matters presented to the Court."

The trial court thereupon entered its judgment in accordance with the above findings. From the trial court's findings and judgment, with reference to the three matters itemized above, the plaintiff prosecutes this writ of error and urges that we reverse the trial court's determination as to these issues. In our view, the plaintiff's assignments of error lack foundation in the record and applicable rules of law fail to sustain any of them.

I.

On the question of the defendant's right to continue to manage the post office property, our examination of this record reveals nothing of any substance which could be viewed as a basis for countermanding the court's finding that the defendant had in the past diligently and efficiently managed this property. Therefore, the trial court's judgment denying termination of the defendant's management was proper. To hold otherwise, would permit the trial court to impair the contract between plaintiff and the defendant.

In *Hall v. Hall*, 105 Colo. 227, 97 P.2d 415, the divorced parties entered into a property settlement agreement which was incorporated into the divorce decree.

One party later sought modification of the decree which the lower court granted. We reversed and held:

". . . According to the weight of authority, such a contract, where approved by the solemn decree of the court, becomes forever binding to the same degree and with like effect as ordinary contracts between the parties admittedly sui juris and is not subject to revocation or modification, except by the consent of the parties thereto . . . . On the other hand, the court cannot alter or modify the decree in so far as it is based on the contract of the parties, for such a modification of the decree would be no less than a modification of the contract itself . . . ."

See also *Lay v. Lay,* 162 Colo. 43, 425 P.2d 704; *Irwin v. Irwin,* 150 Colo. 261, 372 P.2d 440; and *Zlaten v. Zlaten,* 117 Colo. 296, 186 P.2d 583.

The rule of the *Hall* case is applicable here. We therefore affirm the trial court's finding and judgment which denied the plaintiff's petition to terminate the defendant's management of the post office property.

II.

The plaintiff also questions the trial court's refusal to adjudge the defendant in contempt of court and punish him for his alleged failure to account to plaintiff for his management of the post office property, and for his failure to establish a trust account.

We have repeatedly held that the power to punish for contempt should be used with caution after due deliberation, and only when necessary to prevent actual, direct obstruction of, or interference with, the administration of justice. The matter of dealing with contempt is within the sound discretion of the trial court and its determination is final unless an abuse of such discretion is clearly shown. *Conway v. Conway,* 134 Colo. 79, 299 P.2d 509; *Engleman v. Engleman,* 145 Colo. 299, 358 P.2d 864. A careful examination of the record in this case does not indicate any abuse of discretion on the part of the trial court in dismissing the contempt citation against the defendant.

### III.

The plaintiff lastly challenges the lower court's refusal to award her attorney's fees and costs.

■■ The law attempts to achieve fairness in domestic relations cases, and to this end, seeks to place the wife on a plane of equality with the husband in such litigation by allowing her suit money and attorney's fees out of the husband's estate or earnings where such appears necessary to bring about such parity. *Peercy v. Peercy,* 154 Colo. 575, 392 P.2d 609; *Miller v. Miller,* 79 Colo. 609, 247 P.567; and *Pleyte v. Pleyte,* 15 Colo. 125, 25 P.25. The allowance of attorney's fees and suit money is within the sound discretion of the trial court, and unless that discretion has been abused, the allowance made or denied will not be disturbed.

From the record it would appear the parties are on a parity insofar as their respective financial conditions are concerned. Furthermore, the plaintiff presented no evidence showing any inability to meet the obligations of her attorney representation or of the court costs she incurred. No abuse of the trial court's discretion in refusing to order the defendant to pay the plaintiff's attorney fees or court costs, is shown from this record.

Judgment affirmed.

Mr. Justice Day, Mr. Justice Pringle and Mr. Justice Kelley concur.