504 P.2d 681 (1972)
Adelle Anne KRALL, Plaintiff-Appellee,
v.
Albert Frank KRALL, Defendant-Appellant.
No. 72-287.
Colorado Court of Appeals, Div. I.
December 19, 1972.
Hemminger, McKendree, Vamos & Elliott, Gary H. Hemminger, Denver, for plaintiff-appellee.
Albert Frank Krall, pro se.
Selected for Official Publication.
*682 COYTE, Judge.
The trial court, subsequent to a decree of divorce, entered permanent orders. The court awarded child support to the plaintiff, denied alimony, and divided the property between the parties. The court ordered defendant to pay $1,235 towards plaintiff's total attorney fees of $6,448.
On this appeal, the defendant seeks a reversal of that part of the final order which required him to pay a portion of plaintiff's attorney fees. He contends that since plaintiff is employed and has received a substantial award of property she should be required to pay her own fees.
In actions for divorce, the court may require the husband to pay attorney fees to enable the wife to maintain her action. This rule is set forth in Stovall v. Crosby, 171 Colo. 70, 464 P.2d 868, wherein the court states as follows:
"The law attempts to achieve fairness in domestic relations cases, and to this end, seeks to place the wife on a plane of equality with the husband in such litigation by allowing her suit money and attorney's fees out of the husband's estate or earnings where such appears necessary to bring about such parity. Peercy v. Peercy, 154 Colo. 575, 392 P.2d 609; Miller v. Miller, 79 Colo. 609, 247 P. 567; and Pleyte v. Pleyte, 15 Colo. 125, 25 P. 25. The allowance of attorney's fees and suit money is within the sound discretion of the trial court, and unless that discretion has been abused, the allowance made or denied will not be disturbed."
The power of the court to allow attorney fees to the wife for the purpose of prosecuting her suit or defending the husband's suit is an incident to the court's powers to award alimony and divide property. In entering such an award, the court must consider the financial ability of the wife as one of the controlling factors.
In the instant case, the order requiring the husband to pay attorney fees was not entered to enable the wife to prosecute her action. The parties had completed their litigation. The wife had incurred an indebtedness for fees. This indebtedness, like other debts of the parties, was an item which the court could properly consider in dividing the property between the parties. The order providing for payment of attorney fees was part of a property settlement which encompassed numerous assets and debts which the parties had accumulated or incurred. Upon review of an order for payment of fees in connection with the property settlement, the question is not whether the wife has the financial ability to pay her own fees but rather whether the property settlement order, considered as a whole, is fair and equitable.
Furthermore, the question of attorney fees in this case is so intertwined with the question of division of property that the allowance of attorney fees could not be set aside by this court without setting aside the entire order.
Considering the entire record before us, the decision of the trial court in ordering defendant to pay a portion of plaintiff's attorney fees is supported by the record.
Judgment affirmed.
DWYER and PIERCE, JJ., concur.