908 P.2d 49

**STATE of Arizona ex rel. the DEPARTMENT OF ECONOMIC SECURITY, (Rose Marie Soto), Petitioner–Appellee,**

v.

**James A. POWERS, Respondent–Appellant.**

**No. 1 CA–CV 94–0276.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 30, 1995.

Grant Woods, Attorney General by Mark E. Drury, Assistant Attorney General, Phoenix, for Petitioner–Appellee.

Les Miller & Associates, P.C. by Les Miller and Caron L. Cheney, Phoenix, for Respondent–Appellant.

OPINION

FIDEL, Judge.

James A. Powers appeals from the trial court's denial of his motion to dismiss a

paternity action brought by the State Department of Economic Security ("State"). Powers asserts that the State is collaterally estopped from asserting his paternity because, in her prior marital dissolution action, the mother asserted that she and Powers had no children and because the decree of dissolution neither referred to nor provided for the child. We find no estoppel and affirm the trial court's denial of Powers's motion to dismiss.

## BACKGROUND

James A. Powers and Rose Marie Soto were married in June 1981. Four months earlier, Soto had given birth to James Abram Soto. Soto filed for marital dissolution in June 1982. In her petition, Soto stated, "there are no minor children common to this marriage," and she entered "n/a" in the space provided for "living minor children, natural or adopted, common to [the] parties." Soto's petition was uncontested and proceeded by default.[1] As required by Arizona Revised Statutes Annotated ("A.R.S.") § 25–312, the decree of dissolution included this finding:

> [T]o the extent it has jurisdiction to do so, the Court has considered, approved and made provision for child custody [and] the support of any natural or adopted child common to the parties of the marriage entitled to support.

When Soto later applied for Aid to Families with Dependent Children, she named Powers as James's father and assigned her rights to child support payments to the State. She also agreed that the State could establish the paternity of her child.

The State filed this paternity action against Powers, and Powers moved to dismiss, arguing that the dissolution decree established that Powers was not James's father and that Soto could not relitigate the issue in this proceeding. Powers argued that the State derived its rights directly from Soto and, like Soto, was collaterally estopped from re-litigating the claim.

After a hearing, the trial court denied the motion to dismiss because the issue of paternity had not been litigated on the merits in the dissolution proceeding. The trial court encouraged Powers to appeal its decision, however, and stayed enforcement of an order requiring blood tests "while an appeal is being processed with appropriate diligence."

## JURISDICTION

■ Although the trial court embodied its denial of appellant's motion to dismiss in a signed minute entry, the trial court was mistaken, as appellant is mistaken, in regarding that ruling as proper for appeal. As the State correctly argues, this court lacks jurisdiction to hear a direct appeal from an interlocutory order. Appellant characterizes the trial court's action as a "final judgment on a Motion to Dismiss," attempting to bring it within the language of A.R.S. § 12–2101(B), which confers our jurisdiction to hear appeals "[f]rom a final judgment entered in an action." But denial of a motion to dismiss is not a final judgment; we may review such orders only by special action and only in unusual circumstances. *Sanchez v. Coxon,* 175 Ariz. 93, 94, 854 P.2d 126, 127 (1993).

■ We have authority, however, to ignore defects of form and treat an appeal as a special action. *See Brown v. State,* 117 Ariz. 476, 477, 573 P.2d 876, 877 (1978). Because this case has awaited decision for more than a year, because the matter is fully briefed and presents a discrete legal issue, and because the issue is one of first impression significant to child support enforcement, we exercise our discretion to take jurisdiction as if this were a special action.

## ISSUE PRECLUSION

■ The parties contest whether the State is in privity with Soto, equally subject to any claim of issue preclusion that might be asserted against Soto herself, or whether the State has so categorically different an interest in the paternity of James Soto that it would not be precluded from attempting to

---

1. The record of the dissolution proceeding that is before us does not indicate that the action proceeded by default, but the trial court in this action found that "the dissolution between the parties was resolved by default." Neither side has contested this finding.

establish Powers's paternity even if Powers had prevailed on that issue in a contested proceeding against Soto in the past. We need not reach this issue of privity. We resolve this case instead by finding that the issue of paternity was not preclusively resolved because it was not litigated in the Soto/Powers divorce.

██ "The doctrine of 'collateral estoppel' is a doctrine of issue preclusion." *Gilbert v. Bd. of Medical Examiners*, 155 Ariz. 169, 174, 745 P.2d 617, 622 (App.1987).

> Collateral estoppel or issue preclusion is applicable when the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment.

*Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986).

In *State v. Walker* this court stated, "Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." 159 Ariz. 506, 509, 768 P.2d 668, 671 (App.1989) (quoting *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 481, 102 S.Ct. 1883, 1897, 72 L.Ed.2d 262 (1982)). The non-extensiveness of prior proceedings was determinative for the trial court in this case, which observed that "the dissolution between the parties was resolved by default and the [prior] Court made no active finding as to the paternity of the child in question."

The default nature of the prior proceeding was properly considered by the trial court. In *Chaney*, our supreme court stated:

> When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated. Restatement (Second) of Judgments § 27 comment d. However, *in the case of a judgment entered by* confession, consent or *default, none of the issues is actually litigated. Id.*, comment e.

148 Ariz. at 573, 716 P.2d at 30 (emphasis added).

Another factor that weighs against the application of issue preclusion is the absence of the child from the dissolution proceeding. The Restatement states that, in questions of paternity,

> the tendency is to hold open the possibility of establishing legitimacy and the right to support against any judgment except one which is based on full and fair litigation of the question and which involves the child himself as a party.

Restatement (Second) of Judgments § 31 comment a.

Other jurisdictions have declined to apply issue preclusion in circumstances such as these.[2] In *Texas v. Lavan* the Texas Supreme Court denied preclusive effect to a divorce decree that failed to mention a child born during the marriage. 833 S.W.2d 952 (1992). The *Lavan* court permitted the state to litigate paternity because "the issue of . . . paternity [was not] fully and fairly litigated in the divorce proceeding such that consideration of that issue is foreclosed here." *Id.* at 955; *see also Department of Human Resources v. Fleeman*, 263 Ga. 756, 439 S.E.2d 474, 476 (1994) ("We do not construe the divorce decree containing the finding that [the putative father] and the mother had no children, to be the sort of judicial proceeding in which 'paternity has been established.' ").

We likewise do not construe the Soto/Powers dissolution decree as preclusively resolv-

---

2. Courts have been more inclined, however, to apply both claim and issue preclusion when the divorce decree, by default or otherwise, affirmatively established parentage. *See, e.g., State ex rel. V.E.T.P.*, 646 So.2d. 551, 552 (Ala.1993) (a putative father could not litigate paternity after he failed to appear in divorce action that found the child to be a child of the marriage); *Peercy v. Peercy*, 154 Colo. 575, 392 P.2d 609, 611 (1964) (a putative father could not relitigate paternity after a divorce decree entered by default found

him to be the child's father). Courts also have applied the doctrine of equitable estoppel in paternity actions. *See, e.g., Clevenger v. Clevenger*, 189 Cal.App.2d 658, 673–75, 11 Cal.Rptr. 707 (1961) (a child support obligation may arise through estoppel); *Barbara A. v. Gerard J.*, 146 Misc.2d 1001, 553 N.Y.S.2d 638, 641 (N.Y.Fam. Ct.1990) (when the putative father was "the only father this child has ever known" the father was "estopped from saying that he [was] not").

ing the paternity (or Powers's non-paternity) of James. The court that entered that decree made no decision that anyone other than Powers was James's father, it made no decision that Powers was not James's father, and there is no basis in the record to believe that the court was even aware of the existence of James. Because the paternity of James was not litigated in the Soto/Powers marital dissolution, the State is not precluded from asserting Powers's paternity in this case. The denial of Powers's motion to dismiss is affirmed.

McGREGOR, C.J., and TOCI, J., concur.