NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ROSALYNDA ARBALLO, *Petitioner/Appellee*,

*v.*

SAMUEL JORDAN ORONA-HARDEE, *Respondent/Appellant*.

No. 1 CA-CV 14-0304
FILED 2-10-2015

Appeal from the Superior Court in Maricopa County
No. FC2008-007471, FC2008-008007 (Consolidated)
The Honorable Jay R. Adleman, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Samuel Jordan Orona-Hardee, Kingman
*Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Michael J. Brown joined.

**T H U M M A**, Judge:

¶1 Samuel Jordan Orona-Hardee (Father) appeals from an unsigned March 19, 2014 minute entry denying his petition to modify

parenting time. Treating Father's putative appeal as a special action, this court accepts special action jurisdiction but denies relief.

## FACTS AND PROCEDURAL HISTORY

**¶2** Rosalynda Arballo (Mother) and Father are unmarried and have one minor child in common. In January 2009, the superior court issued temporary child custody orders expressing serious concerns about Father's mental health and stating it did "not believe that the child is safe with [Father] until a further evaluation can be conducted." Accordingly, the court awarded sole legal custody of the child to Mother. Citing concerns about Father's history of domestic violence and his unwillingness to follow court orders, the same order directed that Father would not be allowed any visitation, including supervised visitation, until further court order.

**¶3** After a June 2009 trial to establish parenting time, the superior court evaluated the child's best interests and awarded Mother sole legal custody of the child. The court reaffirmed its order that Father have no parenting time until he participated in a psychological evaluation and random drug testing.[1] The court noted that "Father's behavior throughout the course of this case has been completely unreasonable" and "has been one of harassment and ongoing criminal activity."

**¶4** Father then made multiple filings, including seeking visitation and sibling visitation, modification of child support and reconsideration of various rulings. Father eventually appealed to this court from judgments entered in 2011 and, after the appeals were consolidated, the superior court's orders were affirmed in part and Father's appeal was dismissed in part. *See Arballo v. Orona-Hardee*, Nos. 1 CA-CV 11-0741, -CV 12-0415, 2012 WL 5333673, at *2 ¶ 8, *3 ¶13 (Ariz. App. Oct. 30, 2012).

**¶5** In February 2013, Father filed a petition to modify parenting time. The superior court held an August 2013 evidentiary hearing, during which both Mother and Father addressed the court. The court ordered that a Court Appointed Advisor (CAA) be appointed to investigate and make recommendations about parenting time. After various additional filings, the court held another evidentiary hearing on March 19, 2014, during which the CAA addressed the court and both Mother and Father testified. In an

---

[1] Father's appeal from the January 2009 temporary orders was dismissed when Father did not file an opening brief and he did not appeal from the June 2009 order regarding parenting time. *See Arballo v. Orona-Hardee*, No. 1 CA-CV 09-0253 (Ariz. App. Aug. 6, 2009).

unsigned minute entry filed the day of the hearing, the court (1) made findings of fact; (2) denied Father's petition for parenting time and (3) affirmed the January 2009 parenting time order and subsequent orders that reaffirmed the January 2009 parenting time order. On April 7, 2014, Father filed a notice of appeal from the unsigned minute entry. On April 21, 2014, the superior court signed the findings of fact and conclusions of law submitted by Mother's counsel. Father filed no additional or supplemental notice of appeal.

## DISCUSSION[2]

### I. Jurisdiction Over Father's Purported Appeal.

¶6            Father cites Arizona Revised Statutes (A.R.S.) section 12-2101(A)(1) (2015)[3] as granting this court jurisdiction over his appeal. This court has an independent duty to determine whether it has jurisdiction over an appeal. *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App. 1997). Generally, this court's jurisdiction is limited to appeals from final, signed judgments. *See Ghadimi v. Soraya*, 230 Ariz. 621, 622 ¶ 10, 285 P.3d 969, 970 (App. 2012). Father has cited no authority for the proposition that this court has appellate jurisdiction over an unsigned minute entry. Although Father has failed to show appellate jurisdiction, this court can review the superior court's decision by exercising special action jurisdiction. *See Danielson v. Evans*, 201 Ariz. 401, 411 ¶ 35, 36 P.3d 749, 759 (App. 2001) (after finding appellate jurisdiction lacking, court *sua sponte* accepted special action jurisdiction). Particularly because the best interests of a child are at stake, this court treats Father's purported appeal as a petition for special action and accepts jurisdiction. *See* A.R.S. § 12-120.21(A)(4); *Ariz. Dep't of Econ. Sec. v. Powers*, 184 Ariz. 235, 236, 908 P.2d 49, 50 (App. 1995).

### II. The Superior Court Made Specific Findings Of Fact And Conclusions Of Law.

¶7            Father made a timely request that the superior court make specific findings of fact and conclusions of law pursuant to Rule 82(A) of

[2] Although no answering brief was filed on appeal, this court does not treat that omission as an admission of error by Mother given that the best interests of the child are implicated.

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

the Arizona Rules of Family Law Procedure and, on appeal, claims the superior court failed to do so. To comply with the findings and conclusions requirement, "[i]t must be clear" from the record how the court "arrive[d] at its conclusions." *Elliot v. Elliot*, 165 Ariz. 128, 135, 796 P.2d 930, 937 (App. 1990) (citation omitted).

**¶8**　　　　　Contrary to Father's argument, the superior court made sufficient findings of fact in its March 19, 2014 minute entry and it is clear from those findings how the court arrived at its conclusions of law. For example, the court found that the child "had no contact with her father [or any paternal relatives] since November 2008" and "does not know her father or his relatives." Furthermore, the court found that "Mother [was] a victim of at least 4 felony domestic violence cases against Father" and that "Father is currently incarcerated . . . for three (3) domestic violence felony convictions in which Mother was the listed victim." The court went on to note that "Father has failed to follow prior orders to provide the Court and the parties with a complete psychological evaluation assessing any danger that he poses to the minor child" and "failed to comply with prior orders regarding drug testing." These statements, and the others made by the court, constitute sufficient specific findings of fact and are supported by the record.

### III.　The Superior Court Did Not Err In Denying Father's Petition To Modify Parenting Time.

**¶9**　　　　　Father claims the superior court erred in denying his petition to modify parenting time. The superior court has broad discretion over such a decision because the "judge is in the most favorable position to determine what is best for the children," *Armer v. Armer*, 105 Ariz. 284, 289, 463 P.2d 818, 823 (1970), and this court reviews such a decision for an abuse of discretion, *see In re Marriage of Diezsi*, 201 Ariz. 524, 525 ¶3, 38 P.3d 1189, 1191 (App. 2002); *Armer*, 105 Ariz. at 289, 463 P.2d at 823. "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision." *Little v. Little*, 193 Ariz. 518, 520 ¶ 5, 975 P.2d 108, 110 (1999) (citation omitted).

**¶10**　　　　　Father cites A.R.S. § 25-403 and -403.01(D), along with the United States Constitution, to support his claim that the superior court erred in denying his petition to modify parenting time. Father's petition, however, does not allege a change in circumstances, which is a prerequisite to any change in parenting time. *See Pridjeon v. Superior Court*, 134 Ariz. 177, 179, 655 P.2d 1, 3 (1982) ("In considering a motion for change of custody,

the court must initially determine whether a change of circumstances has occurred since the last custody order.").

¶11　　Even if such a change had been alleged and shown, any relief requested in a change in parenting time must be consistent with the child's best interests. *See Black v. Black*, 114 Ariz. 282, 283, 560 P.2d 800, 801 (1977); A.R.S. § 25-403(A) (best interest factors). As noted above, the superior court's findings (including that the child had no relationship with Father or his family and that Father was in prison for domestic violence offenses where Mother was the victim) clearly show that the court considered the best interests of the child in denying Father's petition. *See* A.R.S. § 25-403(A). In addition, the court reaffirmed prior findings that Father "failed to follow" previous orders (1) "to provide the Court and the parties with a complete psychological evaluation assessing any danger that he poses to the minor child" and (2) "regarding drug testing." *See* A.R.S. § 25-403(A)(5). The court also noted that "[t]he child is doing very well now in the care of the Mother." *See* A.R.S. § 25-403(A)(3). These findings support the superior court's denial of Father's petition.[4]

¶12　　Although Father argues that A.R.S. § 25-403.01(D) supports his appeal because it specifies that a parent shall have reasonable parenting time, the statute goes on to state that "*unless* the court finds, after a hearing, that parenting time would endanger the child's physical, mental, moral or emotional health." A.R.S. § 25-403.01(D) (emphasis added.) The superior court's signed findings of fact and conclusions of law reaffirmed the consideration of relevant provisions by stating that "it has considered ARS § 25-403, § 25-403.01, § 25-403.02, and ARS § 25-403.03 and for all of the above reasons, any parenting time between Father and Child would endanger the physical, mental, moral, or emotional health of the child. Parenting time is not warranted during Father's present incarceration." Given this explicit finding, A.R.S. § 25-403.01(D) supports the court's denial of Father's petition.

¶13　　The superior court considered the relevant factors and did not err in denying Father's petition to modify parenting time. On this record, Father's disagreement with the court's analysis of statutory factors and conclusion does not establish an abuse of discretion. *See Hurd v. Hurd*, 223

---

[4] "If the court finds that a parent has committed an act of domestic violence, that parent has the burden of proving to the court's satisfaction that parenting time will not endanger the child or significantly impair the child's emotional development." A.R.S. § 25-403.03(F). The record shows that Father did not meet this burden.

Ariz. 48, 52 ¶ 16, 219 P.3d 258, 262 (App. 2009); *see also Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280 ¶ 4, 53 P.3d 203, 205 (App. 2002) (noting trier of fact is in best position to weigh evidence).

## IV. The Superior Court Did Not Err In Considering Mother's Response.

¶14        Father claims the superior court erred by considering what he claims was an untimely response by Mother that "was not provided to or served upon Father." Mother's response states that a copy was mailed to Father at the address Father had on file with the court. At some point, Father changed addresses but did not update his address with the court until after the change and long after Mother filed her response. *See* Ariz. R. Fam. L.P. 23. To the extent that Father did not receive this filing because he failed to notify the court of his change in address, Father has not shown how the court erred in considering Mother's response.

¶15        The record also suggests that Father received Mother's response and, contrary to his argument on appeal, Father provided no evidence of prejudice by the timing of when he received the response. Indeed, the factual findings made in the March 19, 2014 minute entry are based on the evidentiary record, not just Mother's response. And Father participated in, and had an opportunity to dispute, the response at the March 19, 2014 hearing. Finally, Father has not shown how Arizona Rule of Family Law Procedure 35 required the superior court to grant the relief Father requested, particularly given that the best interests of the child are involved. Father has not shown that the superior court erred in considering Mother's response.

## CONCLUSION

¶16        This court accepts special action jurisdiction but denies relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama