IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

DANIEL LOUIS SANTILLANES, *Appellee*.

No. 1 CA-CR 21-0389
FILED 12-15-2022

Appeal from the Superior Court in Maricopa County
No.  CR2011-108577-001
The Honorable Jennifer C. Ryan-Touhill, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Faith Cheree Klepper, Jason Kalish
*Counsel for Appellant*

Stone Rose Law, PLLC, Scottsdale
By Derek Douglas Debus
*Co-Counsel for Appellee*

Rosenstein Law Group, PLLC, Scottsdale
By Craig J. Rosenstein
*Co-Counsel for Appellee*

Pima County Public Defender's Office, Tucson
By Sarah L. Mayhew
*Counsel for Amicus Curiaes Pima County Public Defender's Office and Arizona Attorneys for Criminal Justice*

Arizona Justice Project, Phoenix
By Lindsay Herf, Randal Boyd McDonald
*Counsel for Amicus Curiae Arizona Justice Project*

---

**OPINION**

Judge Angela K. Paton delivered the opinion of the Court, in which Presiding Judge Paul J. McMurdie and Vice Chief Judge David B. Gass joined.

---

**P A T O N**, Judge:

**¶1**      The superior court granted Santillanes's petition to expunge all records relating to his conviction for facilitation to commit sale or transportation of marijuana.  The State appealed, arguing that Santillanes was convicted of a marijuana offense involving more than the two and one-half ounce limit prescribed by the expungement statute, Arizona Revised Statutes ("A.R.S.") § 36-2862(A).  We conclude that the State does not have statutory authority to appeal an order granting expungement but may seek review via a special action.

**¶2**      Because the State raises purely legal questions of statutory interpretation of first impression likely to arise again, we exercise our authority to treat this appeal as a special action.  We hold that: (1) courts may consider any admissible evidence the parties present regarding a petitioner's eligibility for expungement; (2) the superior court may abuse its discretion if it fails to hold an evidentiary hearing on a contested expungement petition; and (3) orders granting or denying expungement petitions must include the facts the court relied on in reaching its decision. We vacate the superior court's order and remand for further proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**

**¶3**      In 2011, the State charged Santillanes with possession of "four pounds or more" of marijuana for sale (count 1), possession or use of "less than two pounds" of marijuana (count 2), possession of drug paraphernalia (count 3), and possession or use of narcotic drugs (cannabis) (count 4).

**¶4**      Santillanes pled guilty to count 1 as amended: facilitation to commit sale or transportation of marijuana, and the State dismissed counts 2, 3, and 4.  Santillanes's attorney provided the following factual basis for the plea: "On or about February 17, 2011, Santillanes did provide the means or opportunity to another to sell or transport marijuana."  After the State

2

declined to "add [to] or correct" the factual basis, the court accepted Santillanes's guilty plea and sentenced him to probation, which he successfully completed in 2013.

¶5          In 2020, Arizona voters adopted Proposition 207, known as the Smart and Safe Arizona Act. The Act, in relevant part, authorizes expungement of certain marijuana-related offenses, including: "[p]ossessing, consuming or transporting two and one-half ounces or less of marijuana." A.R.S. § 36-2862(A). In 2021, Santillanes petitioned the superior court to expunge the record of his conviction for facilitation to commit sale or transportation of marijuana.

## DISCUSSION

¶6          This case presents several issues of first impression and statewide concern that are likely to arise in marijuana expungement cases under the Act. In this Opinion, we first address jurisdiction. We then address the expungement procedure. Finally, we analyze the merits of the State's arguments in the context of Santillanes's expungement.

## I.     Jurisdiction

¶7          We must examine our jurisdiction before addressing the merits of any claim raised on appeal. *See State v. Bejarano*, 219 Ariz. 518, 519, ¶ 2 (App. 2008). This court only has jurisdiction to consider appeals authorized by statute. *See* Ariz. Const. art. 6, § 9.

¶8     We first note that although the expungement statute is codified under Arizona Revised Statutes, Title 36 (Public Health and Safety), expungement is a criminal proceeding and thus subject to the statutes authorizing appeals in criminal cases. *See* Ariz. R. Crim. P. 36 (rules of criminal procedure governing expungement proceedings); *see also* A.R.S. § 36-2862(F) (petitioners may appeal denial of expungement under statute authorizing criminal appeals by defendants).

### A.     A.R.S. § 13-4032 provides the State's exclusive avenue to appeal criminal cases.

¶9          The State lacks appellate authority in criminal cases absent express constitutional or statutory authority to the contrary. *See Arizona v. Manypenny*, 451 U.S. 232, 246 (1981) ("The need to restrict appeals by the prosecutor reflect[s] a prudential concern that individuals should be free from the harassment and vexation of unbounded litigation by the sovereign."); *State v. Lelevier*, 116 Ariz. 37, 38 (1977) ("[A]ppeals by the

government in criminal matters historically have not been favored, and in the absence of a constitutional provision or statute clearly conferring that right, such an appeal cannot be taken.").

**¶10**        Section 13-4032 "sets forth the exclusive grounds on which the state may appeal" in criminal cases and "we construe its terms strictly." *State v. Hansen*, 237 Ariz. 61, 64, ¶ 5 (App. 2015) (citing *State v. Fendler*, 127 Ariz. 458, 461 (App. 1980)).  The State argues it may appeal expungements pursuant to A.R.S. §§ 13-4032(1), (4), and (7).  We review questions of statutory interpretation de novo.  *Bejarano*, 219 Ariz. at 520, ¶ 2; *Calik v. Kongable*, 195 Ariz. 496, 498, ¶ 10 (1999) (if statutory language is unambiguous, we apply it without resorting to other means of statutory construction).

>        **i.**    **Section 13-4032(4) does not give the State a right to appeal expungements because expungements do not affect the substantial rights of the State.**

**¶11**        Section 13-4032(4) provides that the State may appeal from: "[a]n order made after judgment affecting the substantial rights of the state or a victim, except that the state shall only take an appeal on an order affecting the substantial rights of a victim at the victim's request."

**¶12**        The State argues its substantial rights are affected by expungements because an erroneous expungement may "subsequently affect" the State's ability "to use the conviction for sentencing enhancement purposes" in a hypothetical future case against the same defendant.  But the State has failed to cite any authority recognizing a *substantial right* to preserve records of convictions to enhance potential future sentences which may or may not occur.  Our only precedent acknowledging a similar right is almost a century old and distinguishable.  *See State v. McKelvey*, 30 Ariz. 265 (1926).

**¶13**        In *McKelvey*, our supreme court held that an order releasing a defendant from prison without legal authority interfered with a substantial right of the State because "[t]he state has the right to have that sentence carried out, unless in some legal manner defendant is relieved from the penalty."  *McKelvey*, 30 Ariz. at 267.  But unlike the order in *McKelvey*, an expungement does not interfere with the State's right to see that a legally imposed sentence is carried out.  Rather, expungement is a remedy that applies to the *records* of a defendant's charge, arrest, or conviction, *after* the defendant has completed his sentence.  *See generally* A.R.S. § 36-2862.

**¶14**     Further, we have previously held that an order affects the State's "substantial rights" if it prevents the State from exercising a right it may "ordinarily" exercise. *See, e.g.*, *State v. Corno*, 179 Ariz. 151, 153 (App. 1994) (The superior court's denial of State's motion to withdraw from plea affects the substantial rights of the State "because the state ordinarily may withdraw from a plea agreement when the trial court rejects a sentencing stipulation."). In other words, the State's substantial rights are affected when it is prevented from exercising its legal rights.

**¶15**     The State's ability to preserve records of prior convictions to potentially enhance a defendant's future sentence if he is convicted of another crime is an unreasonable expansion of the State's right to see lawful sentences carried out. The applicable statutes do not direct that result, and we will not read in such a right here. *See State v. Dawson*, 164 Ariz. 278, 289, (1990) (Statutes permitting criminal appeals by the State are in "derogation" of the common law and "should be strictly construed."). This is particularly true here, where Santillanes's conviction was over a decade old and not allegeable for sentencing enhancement purposes even before it was expunged. *See* A.R.S. §§ 13-105(22) (defining "historical prior felony convictions") *and* 13-703 (categorizing "repetitive offenders").

### ii.    Other possible statutory bases for the State's appeal do not apply.

**¶16**     The State argues it has a right to appeal expungement orders under Sections 13-4032(1) and (7), which permit it to appeal from "an order dismissing an indictment, information or complaint," and from a "judgment of acquittal." *See* A.R.S. §§ 13-4032(1) (dismissals) and (7) (judgment of acquittal). But an expungement is neither a dismissal of a charging document nor a judgment of acquittal. Dismissals and judgments of acquittal turn on the legal sufficiency of the State's evidence or allegations and leave the records of the underlying charges intact. *See* Ariz. R. Crim. P. 13.1, 16.4, 20(b)(2). Conversely, guilt or innocence has no bearing on expungement petitions, which the superior court "shall grant" unless the petitioner is ineligible for expungement. *See* A.R.S. § 36-2862(B)(3); Ariz. R. Crim. P. 36(d)(3).

**¶17**     And, unlike the dismissal of charging documents or judgments of acquittal, an expungement "vacate[s] the judgment of adjudication or conviction[,] . . . expunges any record of the petitioner's arrest, charge, conviction, adjudication and sentence," restores the petitioner's civil rights, and requires the court clerk to seal all records related to the conviction. *See* A.R.S. § 36-2862(C). Because expungement is

a proceeding that occurs after a case is resolved, Section 13-4032(1) and (7) are inapposite.

### iii. Appeals by the State are not "incorporated" in Section 13-4032(4) by Section 36-2862(F).

¶18 The State further argues it has authority to appeal expungement orders because Section 36-2862(F) provides that a petitioner may file a direct appeal if the court denies an expungement petition. Although the State may petition for expungement under Section 36-2862(I), the statute only permits appeals from orders denying expungement petitions. A.R.S. § 36-2862(F) ("If the court denies a petition for expungement, the petitioner may file a direct appeal pursuant to § 13-4033, subsection A, paragraph 3."). The expungement statute provides no avenue for a petitioner, or anyone, to appeal an order *granting* an expungement. Accordingly, we are not persuaded by the State's argument that Section 36-2862(F)—though silent on the issue—should be read to "incorporate" appeals from orders granting expungement. *See Ponderosa Fire Dist. v. Coconino Cnty.*, 235 Ariz. 597, 603, ¶ 30 (App. 2014) ("Where a statute is silent on an issue, we will not read into it something which is not within the express manifest intention of the [electorate] as gathered from the statute itself, nor will we inflate, expand, stretch or extend the statute into matters not falling within its expressed provisions.") (cleaned up).

¶19 In sum, Arizona voters specifically provided for a right to appeal from orders *denying* expungement but provided no similar right to appeal from orders *granting* expungement. It is not this court's role to insert a right where one does not currently exist.

## B. Special action jurisdiction is appropriate.

¶20 This court has "[j]urisdiction to hear and determine petitions for special actions . . . without regard to [our] appellate jurisdiction." A.R.S. § 12-120.21(A)(4). And we have the authority to "ignore defects of form and treat an appeal as a special action." *State ex rel. Dep't of Econ. Sec. v. Powers*, 184 Ariz. 235, 236 (App. 1995). Our special action jurisdiction is discretionary and is proper when "the [petitioning] party has no plain, adequate or speedy remedy by appeal." *State v. Martin*, 203 Ariz. 46, 47, ¶ 4 (App. 2002) (citing Ariz. R. P. Spec. Act. 1(a)). Further, "[s]pecial action jurisdiction is appropriate in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again." *Id*. at 452-53, ¶ 2.

¶21        As discussed above, the State has no right to appeal the order it challenges here.  And we have found no published cases interpreting Section 36-2862.  We therefore exercise our discretion and review the State's appeal as a special action.

## II.        Expungement Procedure

¶22        The expungement statute provides:

> Beginning July 12, 2021, an individual who was arrested for, charged with, adjudicated or convicted by trial or plea of, or sentenced for, any of the following offenses based on or arising out of conduct occurring before the effective date of this section may petition the court to have the record of that arrest, charge, adjudication, conviction or sentence expunged:
>
> 1. Possessing, consuming or transporting *two and one-half ounces or less of marijuana*, of which not more than twelve and one-half grams was in the form of marijuana concentrate.
>
> 2. Possessing, transporting, cultivating or processing not more than six marijuana plants at the individual's primary residence for personal use.
>
> 3. Possessing, using or transporting paraphernalia relating to the cultivation, manufacture, processing or consumption of marijuana.

 A.R.S. § 36-2862(A) (emphases added).

¶23        Once an expungement petition is filed, the superior court "shall notify the prosecuting agency of the filing of the petition, and allow the prosecuting agency to respond to the petition within thirty days." A.R.S. § 36-2862(B)(1).  The superior court may not grant the petition if the prosecuting agency "establishes by clear and convincing evidence that the petitioner is not eligible for expungement."  A.R.S. § 36-2862(B)(3).

¶24        The court may set a hearing on the petition "on the request of either the petitioner or prosecuting agency" or on its own motion if it "concludes there are genuine disputes of fact regarding whether the petition should be granted."  A.R.S. § 36-2862(B)(2).  If, however, the State fails to respond to the petition within thirty days "or if the petition was filed by a prosecuting agency," the superior court "may decide the petition without a hearing."  Ariz. R. Crim. P. 36(d)(1).

¶25        The superior court must "issue a signed order or minute entry granting or denying the petition in which it makes findings of fact and conclusions of law."   A.R.S. § 36-2862(B)(4).   The court "shall grant the petition unless the prosecuting agency establishes by clear and convincing evidence that the petitioner is not eligible for expungement" or if the court finds "that the offense identified in the petition is not eligible for expungement."   A.R.S. § 36-2862(B)(3); Ariz. R. Crim. P. 36(d)(3).

## A.  Santillanes's Expungement

¶26        The State filed a timely objection to Santillanes's petition, arguing Santillanes was ineligible for expungement because he was initially charged with possessing "over four pounds" of marijuana, and his offense involved "over 10 pounds of marijuana."   In support of its objection, the State submitted a copy of a police report stating officers searched Santillanes's car and bedroom and seized marijuana paraphernalia and "10.1 pounds of individually wrapped packages" of marijuana, as well as a copy of the original charging documents and presentence report summarizing the police report.

¶27        In response, Santillanes argued the "relevant inquiry" as to his eligibility for expungement was "what crime [he] plead[ed] to and admitted on the record" rather than allegations in police reports "which have never been tested in Court for their veracity or accuracy."   The superior court granted Santillanes's petition without holding a hearing.

### i.   The superior court erred by failing to hold a hearing on Santillanes's petition.

¶28        The State did not request a hearing on Santillanes's petition. Typically, failure to request a hearing will lead to waiver of the claim on appeal.  *See State v. Barr*, 217 Ariz. 445, 448, ¶ 9 (App. 2008).   Waiver, however, is a discretionary doctrine, and in the exercise of our discretion, we decline to find this novel issue waived.  *See State v. Boteo-Flores*, 230 Ariz. 551, 553, ¶ 7 (App. 2002).   We note that the failure to request a hearing in future cases may constitute waiver of that issue.

¶29        Generally, when the State objects to an expungement, the superior court should hold an evidentiary hearing before deciding the petition.  *Supra* ¶ 24; *Cf. State v. Gutierrez*, 229 Ariz. 573, 579, ¶ 31 (The purpose of a post-conviction evidentiary hearing is "to allow the court to receive evidence, make factual determinations, and resolve material issues of fact.").

8

¶30 Here, when the State objected to Santillanes's petition, it created a "genuine dispute[] of fact" as to Santillanes's eligibility for expungement, and without a hearing, the court had insufficient evidence to resolve the dispute. *See* A.R.S. § 36-2862(B)(2)(b). The superior court abused its discretion by granting Santillanes's petition without holding a hearing to address the State's objections.

### ii. The superior court may consider admissible evidence of petitioner's ineligibility presented by the State.

¶31 Santillanes argues that his expungement eligibility should be determined based only on the elements of the offense he was convicted of —facilitation to transport or sell marijuana—and the factual basis he admitted when entering his guilty plea. We disagree.

¶32 As relevant here, Santillanes's conviction is eligible for expungement only if it involved "[p]ossessing, consuming or transporting two and one-half ounces or less of marijuana." *See* A.R.S. § 36-2862(A)(1). But Arizona law did not criminalize marijuana offenses in "two and one-half ounce" increments. Instead, our criminal code provided that any offense involving "marijuana not possessed for sale having a weight of less than two pounds," was a class 6 felony. A.R.S. § 13-3405(B)(1), (7). In other words, unlike the expungement statute, our criminal laws did not distinguish between offenses involving two *ounces* of marijuana and those involving two *pounds* of marijuana.

¶33 Because Arizona law did not criminalize the specific "offenses" now eligible for expungement, the superior court's inquiry into a petitioner's arrest, charge, conviction, or sentence may extend beyond the elements of the underlying offense. Especially where, as here, the petitioner's plea agreement and factual basis are silent as to the amount of marijuana involved in the underlying offense. Accordingly, courts may consider any admissible evidence the State presents regarding a petitioner's ineligibility for expungement. *See* Ariz. R. Evid. 1101(b) (Evidentiary rules apply to all criminal proceedings "except as otherwise provided in the Arizona Rules of Criminal Procedure."). The parties acknowledged at oral argument that expungement is a criminal proceeding to which the Arizona Rules of Evidence apply.

### iii. The superior court failed to make adequate findings of fact and conclusions of law.

¶34 Section 36-2862(B)(4) provides that the court "shall issue a signed order or minute entry granting or denying the [expungement]

petition in which it makes findings of facts and conclusions of law." *See also* Ariz. R. Crim. P. 36(d)(5) ("The court must enter a signed order stating the court's findings of fact and conclusions of law."). Although lack of findings on a particular issue will not automatically invalidate an order, "we will vacate a judge's [order] if we cannot determine the factual basis of his conclusion or whether it was legally sound." *See Post v. Indus. Comm'n of Ariz.*, 160 Ariz. 4, 7 (1989).

**¶35** Here, in addition to failing to provide the findings of fact and conclusions of law required by the statute, the court's order stated that Santillanes was charged with two counts of "[p]ossession or use of marijuana, which involved two and one-half ounces or less of marijuana." The record, however, demonstrates the actual amounts Santillanes was charged with possessing were four pounds or less (count 1) and two pounds or less (count 2). Further, the order failed to address the State's objections to Santillanes's petition. The order therefore failed to include the ultimate facts the court relied on in reaching its decision. The incomplete and inaccurate findings in this case were reversible error. *Cf. Post*, 160 Ariz. at 8 ("If we were to approve the [order] here . . . with no stated resolution of conflicting testimony, no findings of ultimate fact, and no conclusions on the legal issues, there would be no purpose in requiring judges to make findings.").

## CONCLUSION

**¶36** We vacate the superior court's expungement order and remand the case for further proceedings consistent with this opinion.

