NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALEXIS PLIEGO, *Appellant.*

No. 1 CA-CR 22-0292
FILED 6-8-2023

Appeal from the Superior Court in Coconino County
No. CR2014-00516
The Honorable Jacqueline Hatch, Judge (*Retired*)

**VACATED AND REMANDED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Heather A. Mosher
*Counsel for Appellee*

DNA People's Legal Services Inc., Flagstaff
By Adam Cirzan
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Angela K. Paton and Judge D. Steven Williams joined.

**P E R K I N S**, Judge:

¶1 Alexis Pliego appeals the superior court's denial of his petition to expunge marijuana-related offense records. For the following reasons, we vacate the superior court's order and remand.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In 2013, officers from the Department of Public Safety responded to reports of a reckless driver. Pliego was a passenger in the reported vehicle. The officers asked the driver if he had any illegal drugs or contraband. After first denying possession of any marijuana, the driver ultimately admitted he had a small bottle of marijuana, but no medical marijuana card. After searching the vehicle and locating the bottle of marijuana and $5,175 in cash, the officers arrested Pliego and the driver. In a jail interview, Pliego and the driver both admitted they were traveling to California to purchase marijuana.

¶3 A grand jury indicted Pliego for: (1) Attempted Money Laundering in the Second Degree, (2) Conspiracy to Commit Transportation of Marijuana for Sale, and (3) Possession or Use of Marijuana. As part of a plea deal, Pliego pled guilty to one count of facilitation to possess marijuana for sale. Pliego successfully completed three years of probation on July 31, 2018. The order terminating probation designated Pliego's conviction a misdemeanor.

¶4 On March 23, 2022, Pliego filed a petition to expunge his offense under Section 36-2862. The State objected, arguing that the offense of Facilitation to Possess Marijuana for Sale was a sale-related offense not included in the list of offenses eligible for expungement under Section 36-2862. Neither party requested a hearing on the petition and the superior court did not *sua sponte* order one. The superior court denied Pliego's petition, finding Section 36-2862 "does not authorize expungement" for Pliego's pled-to offense. Pliego appealed. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(3), 36-2862(F).

## DISCUSSION

**¶5** We review the denial of a petition for expungement for an abuse of discretion. *State v. Hall*, 234 Ariz. 374, 375, ¶ 3 (App. 2014).

**¶6** The State argued in its objection to Pliego's petition for expungement that "for sale" offenses are not eligible for expungement. This Court recently concluded that "for sale" offenses are included within the expungement statute. *State v. Sorensen*, 1 CA-CR 21-0518, 2023 WL 3702761, at *3, ¶ 12 (Ariz. App. May 30, 2023); A.R.S. § 36-2862(A)(1). Notably, in *Sorensen* the State agreed that the expungement statute applies to "sale-related marijuana offenses." *Id.* at ¶ 6. Although we are not "absolutely bound by prior Court of Appeals decisions, the principle of Stare decisis and the need for stability in the law" requires us to consider this Court's previous decisions "as highly persuasive and binding, unless we are convinced that the prior decisions are based upon clearly erroneous principles, or conditions have changed so as to render these prior decisions inapplicable." *Castillo v. Indus. Comm'n*, 21 Ariz. App. 465, 471 (1974). We see no special reason that would warrant departure from *Sorensen.* Therefore, the superior court erred when it determined that marijuana sales offenses are per se ineligible for expungement.

**¶7** The court also erred by failing to make statutorily required findings of fact when it denied Pliego's petition. *See* A.R.S. § 36-2862(B)(4) ("The court shall issue a signed order or minute entry granting or denying the petition in which it makes findings of fact and conclusions of law."); *see also State v. Santillanes*, ___ Ariz. ___, ___, ¶¶ 35–36, 522 P.3d 691, 698–99 (App. 2022) (vacating the superior court's expungement order for failure to include findings of fact and conclusions of law).

## CONCLUSION

**¶8** We vacate and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:    AA

3