NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DEJUAN MARKEISS HOPSON, *Appellant.*

No. 1 CA-CR 22-0570
FILED 10-17-2023

Appeal from the Superior Court in Maricopa County
No. CR2014-104991-003
The Honorable Adam D. Driggs, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Johnny Jacquez
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Michael S. Catlett and Judge Maria Elena Cruz joined.

---

**W E I N Z W E I G**, Judge:

¶1        Dejuan Markeiss Hopson appeals the superior court's denial of his petition to expunge all records related to his conviction for possession of drug paraphernalia. We reject his argument and affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        The State charged Hopson with multiple counts of gang and drug-related offenses, including one count of possession or use of narcotic drugs, a class 4 felony. According to the indictment and probable cause statement, Hopson possessed or used the narcotic drug heroin.

¶3        Hopson entered a plea agreement with the State, pleading guilty to an amended count of possession of drug paraphernalia, a class 6 designated felony. As part of that agreement, Hopson signed a written factual basis in which he admitted knowingly possessing "a plastic baggie of heroin." The probation department issued a presentence report stating that Hopson possessed a "small plastic baggie containing heroin" at the time of his arrest. Hopson did not contest the report.

¶4        The superior court suspended Hopson's sentence and placed him on intensive probation. The court later revoked Hopson's probation and imposed a term of imprisonment equal to his credit for time served.

¶5        Here, Hopson petitioned the superior court to expunge all records related to his conviction for possession of drug paraphernalia under A.R.S. § 36-2862. The State opposed the petition, arguing Hopson pled guilty to an amended count of possession of drug paraphernalia involving heroin, not marijuana. The State attached the indictment and sentencing minute entry. Before Hopson replied and without conducting a hearing, the superior court denied his petition, noting it had considered only the petition and response.

¶6        Hopson moved for the superior court to reconsider, filed his response and requested a hearing. For the first time, he argued that he

possessed "cannabis resin" at the time of his arrest, and the conviction was therefore a marijuana-related offense under A.R.S. § 36-2862. After reviewing the pleadings, the court found Hopson's reply unpersuasive and denied his motion to reconsider and request for hearing.

**¶7** Hopson timely appealed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(3), and 36-2862(F).

## DISCUSSION

**¶8** Hopson argues the superior court failed to comply with the requirements of A.R.S. § 36-2862 and Rule 36 in denying his petition for expungement. He contends that the court erred by (1) failing to conduct a hearing; (2) shifting the burden of proof; (3) denying the petition before he replied; and (4) failing to make findings of fact and conclusions of law. He asks that we vacate the court's order and remand for proceedings in accordance with the law. We review the denial of a petition for expungement for an abuse of discretion, but review issues of statutory interpretation de novo. *State v. Hall*, 234 Ariz. 374, 375, ¶ 3 (App. 2014).

**¶9** In November 2020, Arizona voters adopted Proposition 207, the Smart and Safe Arizona Act, which authorized expungement of certain marijuana-related offenses. The Act was codified in § 36-2862(A). Our supreme court enacted Arizona Rule of Criminal Procedure 36 to provide additional guidelines for expungement.

**¶10** As relevant here, § 36-2862(A) authorizes individuals to petition the superior court to expunge the records related to: (1) their "arrest, charge, adjudication, conviction or sentence" for offenses involving the possession of "two and one-half ounces or less of marijuana, of which not more than twelve and one-half grams was in the form of marijuana concentrate," or (2) the possession of "paraphernalia relating to the cultivation, manufacture, processing or consumption of marijuana." A.R.S. § 36-2862(A)(1), (3). When petitioned "pursuant to this section,"

> 1. The court shall notify the prosecuting agency of the filing of the petition, and allow the prosecuting agency to respond to the petition within thirty days.

> 2. The court may hold a hearing . . . [i]f the court concludes there are genuine disputes of fact regarding whether the petition should be granted.

3. The court shall grant the petition unless the prosecuting agency establishes by clear and convincing evidence that the petitioner is not eligible for expungement.

4. The court shall issue a signed order or minute entry granting or denying the petition in which it makes findings of fact and conclusions of law.

A.R.S. § 36-2862(B)(1)–(4).

**¶11**         Rule 36 similarly authorizes the court to conduct a hearing if "there are genuine issues of fact," allows the parties to file a response and reply, and requires the court to make "findings of fact and conclusions of law." Ariz. R. Crim. P. 36(b)(4)–(5), (c)(1), (d)(5).

**¶12**         Rule 36 places the burden of proof on the State, but provides the superior court "must grant the petition unless the prosecuting agency establishes by clear and convincing evidence that the offense is not eligible for expungement or if the court finds that the offense identified in the petition is not eligible for expungement." Ariz. R. Crim. P. 36(d)(3). The court may deny a petition if it finds the offense facially ineligible for expungement. *State v. Ibarra*, 254 Ariz. 320, 324, ¶ 11 (App. 2022).

**¶13**         All record evidence demonstrated that Hopson was convicted of a heroin-related offense, not a marijuana-related offense. For that reason, his conviction did not qualify for expungement under § 36-2862(A). A hearing was not warranted because the pleadings raised no "genuine disputes of fact," Ariz. R. Crim. P. 36(c)(1), and the superior court correctly rejected the petition as facially ineligible for expungement, Ariz. R. Crim. P. 36(d)(3). And because the petition was facially ineligible, the court need not have waited for Hopson's reply. Even so, the court later reviewed Hopson's reply and found it unpersuasive.

**¶14**         Lastly, a lack of findings under A.R.S. § 36-2862(B)(4) and Rule 36(d)(5) "will not automatically invalidate an order," and require remand only "if we cannot determine the factual basis of [the court's] conclusion or whether it was legally sound." *State v. Santillanes*, ___ Ariz. ___, ___, 522 P.3d 691, 698, ¶ 34 (App. 2022) (cleaned up). The court had sufficient information to resolve the dispute and reached the correct decision. *Id.* at 698–99, ¶¶ 30, 35.

## CONCLUSION

¶15       We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    JT